[Crim. No. 4157.   Second Dist., Div. Two.   Sept. 30, 1947.]

THE PEOPLE, Respondent, v. WILLIAM HERNANDEZ BARRAZA, Appellant.

Burke, Marshall & Burke for Appellant.

Fred N. Howser, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant has appealed from the judgment convicting him of the crime of burglary in the first degree and committing him to the Youth Authority of the State of California, and from the order denying his motion for a new trial. Having waived a trial by jury, he was tried by the court. The principal ground urged by him for reversal is that the evidence of the complaining witness is so inherently improbable that it is incredible.

The circumstances of the crime and the connection of appellant therewith were established entirely by the testimony of the complaining witness. She testified that on Christmas Eve, 1946, she and her husband left their apartment, which is located on the ground floor of the building, and went to a beer garden where they drank beer and played skee ball until about 11 o'clock. During that time the witness, her husband and others consumed approximately nine pitchers of beer. Since the size of the pitchers is not indicated by the evidence the amount of beer imbibed by the group is left to conjecture. About 11 o'clock they went to a friend's home where they drank both whiskey and beer; the prosecuting witness had three or four drinks of whiskey in a 1½-inch glass with "some kind of chaser." About 2:30 o'clock in the morning she and her husband returned to their apartment. They had a quarrel and he left the house. She obtained a blanket, reclined on a

couch fully dressed and spread the blanket over her body. The apartment was lighted.

Some time after 4 o'clock in the morning (the call to the police was at 4:47) she was awakened and found two Mexican boys standing near the foot of the couch. The blanket had been removed, her clothes had been pushed up around her neck and she was nude from the waist down. Stating to the boys that she wished to call the hospital to ascertain the condition of her sick child, she went to the telephone and called the police, whereupon the boys ran away. When the police came she found that her husband's watch, which had been lying on top of the radio, also several packages of cigarettes, were missing. A slit had been made in the window screen next to the lock on the front door so that a hand could be inserted and the knob of the Yale lock on the inside of the door could be turned. About a week later she saw appellant at a nearby grocery store and told her husband that he was the boy who had been in their apartment. The boy departed before he could be apprehended. Some time later she again saw appellant and called the police who arrested him.

Appellant contends that the evidence shows that the complaining witness was intoxicated to such an extent before she reclined on the couch that she could not have been able to identify appellant or anyone else when she was awakened and therefore her story is inherently improbable. There is nothing in the record to show the improbability of her statement or to indicate that her testimony was not true. There is no evidence from which we can even surmise the extent of her intoxication either before or after her two-hour sleep. It is a generally known fact that some people become intoxicated after consuming a very small amount of alcoholic liquor and that others are able to absorb large quantities and still retain the ability to talk rationally, to recognize other people, and generally to exercise their senses. The record does not disclose to which class the prosecuting witness belongs. Her consumption of a quantity of beer while playing skee ball before 11 o'clock at night, and three or four glasses of whiskey with chasers (the character and the quantity of the chasers are not suggested by the evidence) between that time and 2:30 o'clock will not be presumed to have rendered her so intoxicated that after a sleep of two hours she was unable to recognize and identify the intruders in her apartment. The trial judge evaluated her evidence as against that of appellant, who denied his pres-

ence in the apartment and who, by his own evidence and that of others, attempted to establish an alibi. We find no reason to disturb the finding of the court.

Reference is made in appellant's brief to an affidavit of one Lena Araiza upon the subject of the intoxication of the complaining witness. The record does not indicate the reason for the filing of the affidavit. If it was used on the hearing of the motion for a new trial or upon the application for probation, we know not which, if either, the trial judge had the benefit of its contents. It did not affect the judgment of the court and, if we go so far as to deem it to be a part of the record of which a reviewing court may take cognizance, the statements contained in it reveal no reason for a reversal.

■ The only other point argued by appellant is that there is no evidence of burglary or of an attempt to commit burglary. The evidence that a hole was cut in the window screen, that the door was opened, that appellant was in the apartment, and that thereafter the watch and cigarettes were missing, is sufficient to sustain the conviction.

The judgment and the order denying a new trial are affirmed.

Moore, P. J. and McComb, J., concurred.