[Crim. No. 656. Fourth Dist. Mar. 23, 1948.]

THE PEOPLE, Respondent, v. OLIVER SMITH, Appellant.

Russell E. Parsons for Appellant.

Fred N. Howser, Attorney General, and Wm. E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendants were charged with burglary in having entered a service station in Santa Ana with the intent to commit theft. They were represented by the public defender and all pleaded not guilty. A verdict of guilty as to each was returned by a jury and various sentences were imposed. The defendant Smith, who admitted a prior conviction, was sentenced to San Quentin and he alone has appealed from the judgment. No motion for a new trial was made.

The following facts appear from the evidence. On the afternoon of July 25, 1947, the four defendants left Los Angeles in an automobile to "take a ride." On their way to Santa Ana they stopped at a station on Firestone Boulevard where they purchased gasoline and had the car "serviced." They then went on to Santa Ana, arriving at 3 p. m. at the service station here in question, which was operated by Mrs. Banfield and her son. They asked for some gas and some oil, and when the son started to put gas in the car Smith asked him if it was all right to go in and pay his mother. He replied "Yes" and Smith went to the other side of the car from the station and talked to the folks in the car, and received money from some of them. Smith then went into the station and the son followed him telling his mother that they owed $3.38. The son got some oil and went out and began putting it in the car. As he did so, two of the defendants came and talked to him.

About this time, Smith handed Mrs. Banfield a five-dollar bill and 38 cents in pennies. She gave him back two $1.00 bills

whereupon he handed her one of these bills and asked for small change. He then walked to a position so that when she gave him the change she would have her back toward the door and the car. She gave him $1.00 in dimes and nickels, counting it into his hand. When she finished, he turned his hand and the money fell to the floor. Both of them stooped to pick up the money and as she was thus engaged Mrs. Banfield saw the defendant Robinson, who had entered the station, withdrawing her hand from the open till with money in it. One compartment of the till had contained a Pepsi-Cola receipt, a $20 bill and three $10 bills. Mrs. Banfield saw that this money was gone, and defendant Robinson ran over to a Pepsi-Cola box in the station. Mrs. Banfield then closed the door and accused the defendant Robinson of taking the money, which she denied. Defendant Robinson then took some $5.00 bills and a cigaret lighter from her pockets, and demanded that Mrs. Banfield search her. The other defendants entered the room and the men kept insisting that Mrs. Banfield take the defendant Robinson into the rest room and search her. Mrs. Banfield refused to do this. About this time Mrs. Banfield observed that the defendant Huff was showing more interest in the Pepsi-Cola box than he was in the disturbance which was going on. As he was "just ready to put his hand on it" she rushed over and pushed him back, and then saw the missing money in the water in the box. She took out the water-soaked money, the $20 bill and the three tens being folded in the Pepsi-Cola receipt. The money was still water-soaked when she turned it over to the police a few minutes later. At this time defendants Belcher and Smith each offered her a dollar, begged her not to call the police, and said: "Let us pay you. Lets just forget it." Mrs. Banfield took down the license number of the car and phoned to the police. The defendants were picked up a few minutes later and while they admitted the general facts they denied having entered the premises for the purpose of theft, and defendant Robinson denied she had taken the money from the till. She said: "They haven't got anything on me. She has got her money."

The appellant first contends that the evidence is insufficient to sustain the conviction. While he admits that it is sufficient to show that defendant Robinson took $50 from this till, he argues that nothing appears to connect him with that act, and nothing to show any entry of this building with the purpose and intent that a theft should be committed. While the

existence of such an intent at the time the entry was made was necessary, in order to sustain a conviction of burglary, this element is rarely susceptible of direct proof and must usually be inferred from all of the facts and circumstances disclosed by the evidence. Where the evidence is sufficient to justify a reasonable inference that such intent existed the verdict may not be disturbed. (*People* v. *Swenson*, 28 Cal.App.2d 636 [83 P.2d 70].)

▮ In the instant case, it is not without significance that these parties stopped for gas on the short trip to Santa Ana and again for more gas when they arrived there. Their actions at the service station were not only unusual, but indicate that they were acting together in accordance with some plan. The appellant asked if he could pay the lady inside before the supplies were furnished. He then went over on the opposite side and talked with the other occupants of the car. When he entered the station some of the other defendants proceeded to engage the attention of the attendant who was servicing the car. After having paid the bill he asked for small change and while receiving it took a position so that Mrs. Banfield's back would be toward the door. Having received the change he turned his hand so that the money fell to the floor. He was in a position to see the defendant Robinson come into the station and Mrs. Banfield was not. The cash register was open and the defendant Robinson took the money. When she found that its loss was discovered she placed it in the Pepsi-Cola box. All of the defendants had entered the building and the defendant Huff knew where the money was. The appellant's insistence that Mrs. Banfield take the defendant Robinson into the rest room to search her indicated that he also knew she had secreted it, and could well have been designed to give the others an opportunity to retrieve the. money. After the money was found the appellant offered to pay Mrs. Banfield to forget the matter. All of these facts and circumstances, including the way these defendants worked together from the beginning, are sufficient to justify an inference that the appellant intended when he entered the building to distract Mrs. Banfield's attention and to give the defendant Robinson an opportunity to take money from the till, which would naturally be left open while change was being made. The entire matter was a question of fact for the jury and the evidence is sufficient to support the verdict and judgment.

■ The only other point raised is that the court erred in allowing a police officer to testify as to a conversation he had, later that day, with the defendant Robinson but not in the presence of the appellant. The only thing in this evidence which is material is that the defendant Robinson at first denied that she had ever entered this service station and later admitted that she had done so, after she was confronted by Mrs. Banfield. This matter is raised for the first time on appeal. When this officer was asked about this conversation appellant's counsel started to object, but did not state the grounds. The court said "Let's have all the conversation." The district attorney then said: "All right. If we don't bring it out, you can." He then proceeded with his questions and no objection was made. Subsequently, another officer testified as to the same conversation and no objection was made or attempted. No request was made to have this testimony limited, in its application, to the defendant Robinson. While this evidence had a bearing on the truthfulness of the defendant Robinson, it did not purport to implicate the appellant in any way. The defendant Robinson's untruthfulness amply appeared from other evidence, and the rest of the conversation was favorable to the appellant. Neither error nor prejudice appears.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.