[Crim. No. 751.   Fourth Dist.   Sept. 14, 1951.]

THE PEOPLE, Respondent, v. JOE BUTLER FRANKLIN, Appellant.

Montgomery & Smith for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with the burglary of a dwelling in the city of San Diego, owned and occupied by Dr. and Mrs. C. W. Kennedy. A jury returned a verdict of guilty of burglary in the second degree and defendant, having admitted a previous conviction for burglary, also charged in the information, was committed to the state prison.

The sole question here presented is whether the evidence is sufficient to support the verdict and judgment.

On August 27, 1950, defendant, who was admittedly without funds, called at the Kennedy home and asked for work. Mrs. Kennedy informed him, as he stood outside on the sidewalk in front of the house, that she did not have any work; that she was in a hurry and was going to church. She left the house immediately with her children. She returned in a few minutes and observed that the front door, which she had left closed, was partially open. She pushed the door open, entered, and upon reaching the top of the stairway leading down to the bedrooms of the house, which was built on a hillside, saw the defendant standing in the hallway separating the bedrooms. Mrs. Kennedy went outside and told her gardener about the man in the house. The gardener watched while she called the police. Defendant came around the retaining wall of the house and the gardener told him to stop. The defendant, however, started to run, pursued by the gardener who was shouting "Police, Police." A city fire chief, who lived about three or four blocks away heard the shouts, joined the chase in his car, and within a short distance apprehended the defendant. The fire chief noticed that the defendant threw something into the shrubbery when he ran. A later search resulted in finding a small paper bag in the bushes, which bag contained some costume jewelry. When questioned by the police, defendant first denied having thrown anything in the bushes but later admitted that he had thrown the jewelry away and that he had stolen it from a drugstore that morning before going to the Kennedy home. He stated that he had never been in the Kennedy home and that he did not enter

it that day. While there was evidence that the defendant worked for the Kennedys on two occasions, once to clean a car and again in 1949 to wash windows inside and outside of the house, no one gave him permission to enter it on August 27, 1950.

At the trial defendant testified that he went to the Kennedy place directly from his home on the morning of August 27; that he asked Mrs. Kennedy about washing and waxing her car and that she said she did not have time but that he should come back later when she had more time; that he left and returned later; that the gardener pursued him with a knife. He denied that he had stolen the costume jewelry and denied having thrown anything into the shrubbery.

Appellant argues that the evidence did not show that he entered the Kennedy home with intent to commit grand or petit theft or any other felony and in this connection points out that nothing was taken from the premises. This contention is without merit. ■ In determining whether the evidence is legally sufficient to support the judgment, we are required to assume the truth of the facts found and all inferences fairly to be drawn from the evidence. (*People* v. *Thomas*, 82 Cal.App.2d 702, 707 [186 P.2d 721].) ■ While it was necessary for the prosecution to show that the appellant entered the premises with the intent to commit a theft therein, such intent may be inferred from all the facts and circumstances disclosed by the evidence and where the evidence is sufficient to justify a reasonable inference that such intent existed the verdict may not be disturbed. (*People* v. *Smith*, 84 Cal.App.2d 509, 512 [190 P.2d 941].)

■ As was said in *People* v. *Swenson*, 28 Cal.App.2d 636, 639-640 [83 P.2d 70]: "Upon a charge of burglary the intention with which an accused person enters the room of another individual without permission at an unusual hour of the night must be determined by the jury. But where the circumstances of a particular case and the conduct of the accused person reasonably indicate that his purpose in doing so is to commit larceny, a verdict of guilty of the crime of burglary will not be disturbed on appeal. (*People* v. *Soto*, 53 Cal. 415; *People* v. *Winters*, 93 Cal. 277 [28 P. 946]; 4 Cal.Jur. 745, sec. 27; *Vickery* v. *State*, (Tex.) Ann.Cas. 1913C, note, p. 519.)"

■ The testimony shows that the appellant entered the Kennedy home without permission, knowing that it was unoccupied at the time; that when Mrs. Kennedy returned, ap-

pellant was in the lower part of the house; that he left immediately without explanation of his actions; that when approached by the gardener, he fled; that in his flight he disposed of costume jewelry which he had stolen that day. His conduct and inconsistent statements made to police officers support the finding of the jury that his entry of the house was with intent to commit theft.

Judgment affirmed.

Griffin, Acting P. J., concurred.