[Crim. No. 791. Fourth Dist. Jan. 5, 1954.]

THE PEOPLE, Respondent, v. HELEN DECKER et al., Appellants.

448

Thomas Whelan for Appellants.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendants were charged with six counts of burglary and one count of conspiracy to commit theft. A jury found defendants Edward B. Decker and Cecil E. Cooper guilty of counts I, II, VI and VII and not guilty as to counts III, IV and V. Defendant Helen Decker was found not guilty on each of the seven counts and the trial court, on motion of defendants, set aside the jury's verdict as to count VII, in which a conspiracy was alleged. The jury determined the crimes in counts I, II and VI to be burglary of the second degree. Following the denial of motions for a new trial and applications for probation, the court rendered judgments against defendants Edward B. Decker and Cecil E. Cooper and sentenced them to the state prison at Chino. They urge that the judgments and order denying their motions for a new trial should be reversed, on the grounds (1) that the evidence is legally insufficient to support the verdicts and (2) that the jury was guilty of misconduct in that its verdicts were decided by lot and by means other than a fair expression of opinion on the part of all the jurors.

*Facts*

*Count I:* On January 5, 1953, between 10 and 10:30 a. m., Mrs. Mary Trytten drove into the Texaco service station at 3638 El Cajon Boulevard in San Diego. She got out of her car and asked the attendant, Mr. Munsterman, to check the oil, gas, battery and tires. While she was talking to him, she happened to look into the service station and saw defendant Decker standing at the door drinking a "coke." She testified that she then saw defendant Cooper take "a blue box off the shelf, put it in his hand and slip it inside of his coat. And as he did so, Mr. Decker spoke to him or turned his

head and I didn't hear what he said, but it looked as though he spoke to him and he immediately . . . Mr. Cooper came out and engaged me in a conversation and kept me talking." Mrs. Trytten then left the service station, drove a short distance, stopped her car, and with a pin, scratched the license number of defendants' car on the back of an envelope. The number was 4A95731. She then telephoned to the station and talked with the attendant. She testified further that a blue box (found in defendants' car by the arresting officers and introduced in evidence) was similar to the one she saw Cooper take from the shelf and put under his coat.

Mr. Munsterman testified that the defendants drove up to the station in a green '41 or '42 Buick; that Mrs. Trytten was there at the time; that Decker got a "coke" and was standing in the doorway while Cooper was in the station; that after he checked the tires on the Buick, defendants got in the car and drove away; that within 15 or 20 minutes after Mrs. Trytten had gone he received a telephone call from her; that he then noticed that some spark plugs were missing from a shelf in the station; that as soon as he hung up the 'phone, an inventory was taken of the spark plugs and they were "short" 71 plugs.

*Count II:* Marvin L. Braun, owner of a Texaco service station at 6409 Pacific Highway, San Diego, testified that Mr. Cooper and Mr. and Mrs. Decker drove a green Buick car into his station on January 5, 1953, at approximately noon; that they said they wanted to use the 'phone; that while they were in the station, he serviced three other cars and as the defendants were ready to leave, he checked the oil and water in their car and noticed that the oil stick had been broken and welded; that just after the defendants had left, he entered the station and noticed that some of his spark plugs were missing from the usual place for them on a shelf; that within 30 minutes he made an inventory and found that 53 spark plugs were missing. Braun was shown a box containing J-8 Champion spark plugs, discovered in the trunk compartment of the Buick when the defendants were arrested, and recognized it because he had marked it with an "X." He testified that he had purchased this box of plugs from the Motor Hardware and Equipment Company a short time before January 5, 1953, and that this was the only box with an "X" on it which he had.

*Count VI:* John C. McLaughlin, operator of a service

station at Del Mar, testified that he saw the defendants at his station at approximately noon on January 5, 1953; that they were driving a green Buick car and asked to use the hoist to check the muffler; that after the car was on the hoist, Cooper asked him to lubricate it, and while he and Cooper were under the car, Decker was in the station for awhile; that at about 6 p. m. that evening he noticed that a number of boxes of spark plugs were missing and, after taking inventory, he found that 77 plugs were gone. He was shown six boxes of spark plugs which were found in the trunk compartment of the defendants' car and identified them by the price mark which he had written on five of them in heavy crayon and on the other one in a "thin pen mark."

The testimony of the prosecution as to the fifth count of the information was that Mr. Hicks, owner of a service station at Cardiff, saw the defendants at the station on December 19, 1952. He jotted down their license number and it was 4A95731. He checked the oil in the car and found that the oil stick had been broken and welded. The defendants spent some time in the salesroom of the station and after they left, he discovered that a great many of his spark plugs were missing. Defendants came back to the station on January 4, 1953, and after being in the station for a short time, left; that defendant Cooper, on leaving, said, "Well, we had just as well shove off. We won't do any good here."

As to count IV of the information, Lloyd Donahoo, operator of a service station at 7640 El Cajon Boulevard in San Diego, testified that he saw the defendants with another woman in his station on December 19, 1952, at approximately 3 p. m.; that he put their car on the hoist and then saw the other woman standing in the door of his office while Mrs. Decker was in the back seat of the car and the other two defendants were helping him service it; that the next day he found that approximately 92 spark plugs were missing from the shelves in the station.

As to the third count, William Clark testified that the three defendants came into the service station at 7982 Prospect Avenue, La Jolla, on the afternoon of January 4, 1953; that two of them entered the station and Mr. Decker asked him to check the oil in the car. George Fiano, owner of the station, testified as to a cash shortage of $32.29 discovered on the evening of January 4, 1953.

On Monday afternoon, January 5, 1953, at approximately 1 p. m., highway patrol officers stopped the defendants in

the Buick car and upon arrival of the San Diego police officers, the car was searched and the spark plug boxes which were later identified by witnesses for the prosecution, together with 123 spark plugs, were found in the trunk compartment thereof.

Defendant Cooper testified that he acquired the spark plugs in 1950 in partial payment of a debt. He denied that he was in the county of San Diego on December 19, 1952, and produced witnesses who testified that on that day he was in the vicinity of Hollywood and Huntington Beach.

The evidence clearly shows that the defendants were acting together to victimize the operators of filling stations in San Diego County. Cooper was seen taking spark plugs from the shelf in the service station at 3638 El Cajon Boulevard, San Diego, and Decker entered the station at Del Mar while the other two defendants were outside. The boxes in which some of the spark plugs were kept were found in defendants' car when they were arrested and were identified by prosecution witnesses. The evidence is amply sufficient to justify a reasonable inference that the appellants entered the service stations with the intent to commit theft. (*People* v. *Smith*, 84 Cal.App.2d 509, 512 [190 P.2d 941].)

Appellants claimed misconduct of the jury is based upon affidavits filed by them in which it is stated that one of the jurors, in the jury room and during their deliberation, was heard to ask, "Will those of you who voted not guilty as to count one, vote guilty as to count one, if we all agree to vote not guilty as to count three?" There is nothing in the record to indicate that this question was answered in the affirmative or the negative and nothing to indicate that the jurors agreed to vote in accordance with the suggestion, if it was a suggestion. The jury properly found that the evidence offered in support of count III of the information did not support a verdict of guilty on that charge and that the evidence was sufficient as to count I. The record does not support appellants' contention that the verdicts were decided by lot and by means other than the fair expression of opinion on the part of the jurors. The trial court properly rejected the affidavits and denied the motion for a new trial. (*People* v. *Sherman*, 97 Cal.App.2d 245, 256 [217 P.2d 715].)

Judgments and order affirmed.

Barnard, P. J., and Griffin, J., concurred.