[Crim. No. 3450. First Dist., Div. Two. Mar. 20, 1958.]

THE PEOPLE, Respondent, v. GALE H. WILSON, Appellant.

Douglas H. Pendleton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found defendant guilty of burglary of the second degree, he was committed to the Youth Authority, and now appeals from the judgment. Appellant concedes that he unlawfully entered the store in question. His entire defense is that he did so without any intent to commit larceny, and thus is not guilty of burglary as defined in Penal Code, section 459. He testified that he had an argument that evening with his fiancée, that he was "mad at the world" and entered the store only to "tear the place apart, to wreck it, destroy it."

Appellant requested the following instruction:

"You are instructed that, before you would be warranted in convicting the defendant for burglary, you must believe beyond a reasonable doubt that he broke and entered the Grossman's Office Equipment Supply Store with the specific intent at the time to commit the crime of theft. If he broke and entered such store building with any other intent or purpose, he would not be guilty of burglary, and in this connection you are instructed that if you should find beyond a reasonable doubt that if defendant broke and entered said store, but if you further believe such breaking and entry, if any, was for the purpose of injuring, disarranging, or destroying property therein or for any other purpose than theft, then you will find the defendant not guilty."

This instruction was refused. The court did instruct that burglary consists of only two elements, and read the relevant portions of Penal Code, section 459. Then the jury was told: "The offense of burglary consists of two elements, an unlawful entry into a building and an intent to commit larceny or any felony on the entry. . . . So that all the People have to prove is that the defendant made an unlawful entry into this building as one; second, that he had the intent to commit lar-

ceny. . . . There is no evidence of any felonies. Of course, if the entry in a building is made with the intent to commit any felony, any other felony, then that is burglary of course. But there's no evidence of any such thing in this case. All you have to do is determine did the defendant make an unlawful entry in this building. Well, he admits he did. . . . So that leaves only one thing for the jury to decide, what was the intent of the defendant when he entered." Full instructions were given upon reasonable doubt and upon the means of determining intent.

■ In the case at bar, no intent to commit a felony other than larceny was charged or shown. Thus it was incumbent upon the prosecution to prove beyond a reasonable doubt that defendant entered the store with intent to commit larceny (*People* v. *Mulkey*, 65 Cal. 501 [4 P. 507] ; *People* v. *Graham*, 156 Cal.App.2d 525, 528-529 [319 P.2d 677]). ■ It follows that the instruction requested by defendant was proper in substance, although the form of the second sentence is marred by at least one surplus "if." But the court did fully instruct upon the specific intent required. The instruction requested would have been cumulative. Thus its refusal was not error (*People* v. *Tallman*, 27 Cal.2d 209, 215 [163 P.2d 857] ; *People* v. *Nagle*, 25 Cal.2d 216, 225 [153 P.2d 344]).

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.