[Crim. No. 6288. Second Dist., Div. Two. Dec. 15, 1958.]

THE PEOPLE, Respondent, v. WILLIAM A. GARCIA, Appellant.

William A. Garcia, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

ASHBURN, J.—The record discloses no good grounds for this appeal. Appellant asserts (1) insufficiency of the evidence, (2) misconduct of the trial judge, and (3) former jeopardy. None of these points has substantial support in the record.

Defendant was charged by information with four counts of burglary and three prior convictions of felony,—two robberies and one violation of section 503, Vehicle Code. Originally represented by the public defender, a lawyer of defendant's own selection was substituted at the beginning of the trial and the prior convictions were thereupon admitted. Defendant did not testify or call any witnesses in his own behalf. The trial ended in acquittal with respect to all charges except count III, which alleged that defendant committed burglary (Pen. Code, § 459) on September 29, 1957, in that he willfully entered the house occupied by Alex Corsero and Anna Corsero with intent to commit theft. Convicted of that charge, the offense was fixed at second degree burglary and defendant sentenced to prison for the term prescribed by law, the court making no finding as to the prior convictions.

The evidence shows that Alex Corsero left his residence, 651 Alpine Street, Los Angeles, at about 9:30 p. m. on September 29, 1957, taking with him his entire family except a 16-year-old son (who was probably absent on a mission of his own). Upon return at about 10 or 15 minutes before 1 a. m., the Corseros found all lights burning; part of a cake which had been on the

table was lying on the floor; the screen in a window of the daughter's bedroom was raised; there were blood spots on the floor and bed; the girl's purse, which had been left on the bed, was lying on the floor and the contents scattered; also on the floor was icing from the cake; upon a glass in the bathroom were dirt and blood spots and cake icing; the father's wrist watch was missing from the said bedroom but none of the contents of the purse had been taken. Mr. Corsero heard a noise outside; went into the patio and found defendant sitting on the edge of a bench; when asked, "What are you doing here?" he said, "I am sleeping. I am sleeping." Corsero grabbed defendant, who tried to get away, but with the help of a friend Corsero held him face down on the ground until the police arrived. When they asked what he was doing there defendant said, "I live here," according to the daughter, Anna Corsero. Officer Sedgeman testified that defendant would not tell where he lived and when asked what he was doing there said, "it was a cousin's house"; he refused to answer questions as to what he was doing in the area and how old he was. The officer observed that defendant had a minor injury to the little finger of his right hand and there was fresh dried blood on it; under the finger nails of three other fingers of the same hand were moist white particles. The cake was white and had finger marks on it. Defendant had alcohol on his breath but was not intoxicated; had no difficulty with speech or walk. A search of his person revealed no watch nor was it found elsewhere. As above stated, defendant did not testify and called no witnesses.

The duty of a reviewing court concerning a plea of insufficiency of the evidence has been performed when it determines that there is substantial evidence tending to prove the material elements of the crime. It must assume as true every fact that the jury reasonably could have deduced from the evidence and then determine whether such facts are sufficient to support the verdict. It may not weigh the evidence or the inferences to be drawn. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) "The 'test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. It is not whether guilt is established beyond a reasonable doubt.' " (*People* v. *Poindexter,* 51 Cal.2d 142, 148 [330 P.2d 763].)

The prosecutor had the burden of proving beyond reasonable doubt that defendant entered the house with intent to commit theft (Pen. Code, § 459; *People* v. *Wilson,* 158 Cal.

App.2d 553, 555 [322 P.2d 966]); but this can be proved circumstantially (*People* v. *Henderson,* 138 Cal.App.2d 505, 509 [292 P.2d 267] ; *People* v. *Franklin,* 106 Cal.App.2d 528, 530 [235 P.2d 402] ; *People* v. *Smith,* 84 Cal.App.2d 509, 512 [190 P.2d 941]), as was done in the present instance. Consideration of the recited facts in the light of the stated rules and the strengthening influence of defendant's own silence at the trial (see *People* v. *Adamson,* 27 Cal.2d 478, 488 [165 P.2d 3] ; *People* v. *Ashley,* 42 Cal.2d 246, 268 [267 P.2d 271]), leaves no doubt of the sufficiency of the evidence to support the verdict of guilty upon count III.

 The asserted misconduct of the trial judge finds no support in the record. After the verdicts were returned and the jurors had been dismissed,—indeed it was a month later, at the time of sentencing—remarks were made by the judge which appellant now claims to have been prejudicially erroneous. Defendant's attorney made a plea for probation and at its conclusion the following occurred : "THE COURT: I can only mention this, Mr. Tighe ; I must surely compliment you on the job that you did with the jury here. *There were several other Counts that he was not convicted of. The report shows repeated typical offenses in his back record, that they did not file on because this was open and shut.* I have never seen a lawyer do a better job with trying a case *where the defendant was as guilty as this defendant was, and where there was absolutely no defense, and then to have the defendant convicted of second degree burglary. This man has at least six priors that we know of.*" Emphasis has been supplied to indicate the portions to which appellant directs attention. Obviously there was no misconduct here and the matter is not one which deserves further elaboration.

The claim of former jeopardy. There is nothing in the clerk's transcript or the reporter's transcript to suggest such a plea or contention. Both are wholly silent on the subject. Appellant now undertakes to say that he pleaded guilty to vagrancy (Pen. Code, § 647, subd. 12) based upon the occurrences of September 29, 1957, at the Corsero home, and that while he was serving a 30-day jail sentence the charge of burglary, previously dismissed, was renewed in the information which resulted in the conviction now under review, and that this worked double jeopardy.

 Section 1016, Penal Code, enumerates five kinds of pleas to an indictment or information, one of which is "once in jeopardy," and section 1017 says: "Every plea must be made

in open court and may be oral or in writing, and must be entered upon the minutes of the court and must be taken down in shorthand by the official reporter if there is one present.'' Subdivision 3 of the section sets forth the form to be used. Failure to interpose this plea in the trial court effects a waiver of same and hence the claim cannot be raised and considered upon appeal for the first time. (See *In re Harron,* 191 Cal. 457, 467-468 [217 P. 728]; *In re Hess,* 45 Cal.2d 171, 176 [288 P.2d 5]; *People* v. *Mims,* 136 Cal.App.2d 828, 833 [289 P.2d 539]; *People* v. *Rogers,* 150 Cal.App.2d 403, 415 [309 P.2d 949]; Fricke, California Criminal Procedure (4th ed.), p. 154.) Such is the situation at bar and the claim of former jeopardy, unsupported as it is, cannot be considered on appeal.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.