[Crim. No. 3871. First Dist., Div. Two. Oct. 11, 1961.]

THE PEOPLE, Respondent, v. GLENN BRENTON
NICHOLS, Appellant.

David L. Skinner, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Robert R. Granucci, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—On this appeal from a judgment rendered on a jury verdict finding him guilty of second degree burglary [Pen. Code § 459] and from the order denying his motion for a new trial, the defendant urges the insufficiency of the evidence and the erroneous admission of certain irrelevant and prejudicial evidence obtained as the result of an unlawful search. We have concluded that there is no merit in any of these contentions.

The facts are as follows: On the afternoon of April 5, 1960, J. M. Burke, the janitor at the Lawton Elementary School at 1570-31st Avenue in San Francisco checked and locked the premises at about 4:30 p. m. When he returned the following morning [April 6] at 7:15 a. m., he saw broken glass in the hall in front of three offices. Papers were scattered about in one office, a medicine cabinet had been opened in another, and a storeroom door leading to the third had been pried open. An outside door in the hallway on the south end of the building showed pry marks and broken glass; the glass in an inside door in the same hallway was broken. In the north end of the building, two lower windows were open and another window showed pry marks.

At about 4:15 a. m. on April 6, Officers DeAmicis and Swanson of the San Francisco Police Department were driving southwest along Market Street. Near Valencia Street, they first saw the defendant proceeding northeast in a green Buick; without signalling, the Buick turned from the main traffic lane into a darkened self-parking lot next to a hotel and furniture store. As the officers drove into the parking

lot, they saw the defendant getting out of his car, and asked him if he lived in the vicinity. The defendant replied that he was visiting a friend in the hotel next door. The officers told him that because of a series of thefts in the neighborhood, they were suspicious of people around and about at that hour. At this time, the officers noticed a rubber mallet, crash bar, drift pin, crowbar and other heavy tools on the floor and under the front seat of the Buick.

Upon being asked for some identification, the defendant indicated that he had none, and no driver's license as well. After a check over the police telephone in the next block indicated no outstanding traffic warrants against the defendant, the questioning continued. The officers questioned the defendant about his reasons for being in the neighborhood at that hour, the tools in the car, and whether he had been involved in any burglaries or thefts. When the defendant denied the latter but admitted he was on parole and that he had violated his parole by leaving the state and driving the car without the permission of his parole officer, he was arrested and searched. The defendant had a large amount of small coins on his person. During the subsequent interrogation, the officers requested and received permission to search the Buick.

The defendant entered a plea of not guilty and denied the prior burglary conviction charged by the amended information. Although represented by counsel at the hearing on his motion made pursuant to section 995 of the Penal Code, the defendant refused all offers of counsel and chose to represent himself at the trial; he offered no evidence in his behalf, and did not testify. The tools found in his car and the money found on his person were admitted into evidence. The prosecution's expert witness testified that in his opinion the crowbar found in the defendant's car at the time of the arrest made the impressions found on the storeroom door at the Lawton School. The expert's opinion was based on certain scientific tests he had conducted.

The first argument on appeal is that the evidence is insufficient to sustain the judgment because there is no proof of defendant's specific intent to commit theft at the time of the breaking and entering. When a judgment is attacked on the ground that the evidence is insufficient to support it, we must view the evidence and the reasonable inferences therefrom in the light most favorable to the party prevailing in the trial court (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]). Burglary may be proved by circumstantial

evidence; it is not necessary that a witness actually see the defendant breaking and entering the premises or in the vicinity thereof (*People* v. *Acosta,* 114 Cal.App.2d 1 [249 P.2d 316]; *People* v. *Flynn,* 73 Cal. 511 [15 P. 102]).

Although it is necessary for the People to show that a person charged with burglary entered the premises with the requisite intent, such intent is rarely susceptible of direct proof, and must, therefore, ordinarily be inferred from the facts and circumstances disclosed by the evidence (*People* v. *Franklin,* 153 Cal.App.2d 795 [314 P.2d 983]).

Here, the evidence unquestionably established an unlawful and forcible entry of the Lawton School. From this alone, burglarious intent could be reasonably and justifiably inferred (*People* v. *Michaels,* 193 Cal.App.2d 194, 199 [13 Cal.Rptr. 900]; *People* v. *Stewart,* 113 Cal.App.2d 687, 689 [248 P.2d 768]). When the evidence is sufficient to justify a reasonable inference that such intent existed, the verdict will not be disturbed on appeal (*People* v. *Franklin,* 106 Cal.App.2d 528 [235 P.2d 402]; *People* v. *Smith,* 84 Cal.App.2d 509, 512 [190 P.2d 941]).

Furthermore, evidence of guilt may be furnished by the unexplained possession of burglar tools which, according to expert testimony, were used to commit the crime (*People* v. *Wilkes,* 44 Cal.2d 679 [284 P.2d 481]). It was, of course, for the jury to pass upon the credibility of witnesses and to determine the reasonable inferences to be drawn from the evidence (*People* v. *Newland, supra*). While here, as noted above, the defendant chose to represent himself and present no evidence on his own behalf, the trial court properly protected him and admirably performed its duty of assuring him a fair trial (see *People* v. *Harmon,* 54 Cal.2d 9, 15 [351 P.2d 329]).

The second argument on appeal is that the tools, other than the crowbar and money, were erroneously admitted into evidence because these items did not have any connection with the burglary. The record shows that when the offer of proof was made, the defendant asked: "Excuse me, your Honor. May I ask what connection the box and tools have with this particular crime?" The court replied: "Well, the offer is made and I am admitting them into evidence in the light of the testimony. So, they will be admitted in evidence." Thus, the evidence was admitted without objection. Defendant here argues that because of their irrelevant and prejudicial effect, the court should have excluded them on its own motion, in

order to protect him, as he was representing himself. ■ However, having completely elected to represent himself, the defendant assumed for all purposes connected with his case, and must be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken (*People* v. *Green,* 191 Cal.App.2d 280, 285 [12 Cal.Rptr. 591]; *People* v. *Harmon, supra; People* v. *Mattson,* 51 Cal.2d 777 [336 P.2d 937]). Furthermore, under the circumstances here presented, we can see no prejudice to the defendant.

The final argument is that the tools found in the automobile [other than the crowbar] and the money found on the defendant's person, were erroneously admitted into evidence because they were products of an unlawful search. Defendant erroneously contends that the officers had no reasonably probable cause for the arrest because section 3060 of the Penal Code vests the authority over parolees exclusively in the Adult Authority, so that only a parole officer or a peace officer on proper written order 'of the Adult Authority has the power to arrest a parole violator. The attorney general argues that since there was no testimony that the arresting officers did not have a warrant, it must be presumed that the arrest and search were lawful.

■ However, it is evident that the officers had no warrant so that the burden rested on the prosecution to show proper justification for the arrest. ■ We think this burden has been met. The facts and circumstances presented to the officer at the time he was required to act, were that the defendant, at an unusual hour, was present in a neighborhood where several burglaries had occurred. ■ A police officer has a right to make inquiry in a proper manner of persons upon the public streets at night (*People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273]; *People* v. *Jiminez,* 143 Cal.App.2d 671, 673 [300 P.2d 68]; *People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531]; *Gisske* v. *Sanders,* 9 Cal.App. 13, 16 [98 P. 43]) and, although this right does not of itself justify intensive search of their person or automobiles (*People* v. *Simon, supra; People* v. *Gale,* 46 Cal.2d 253, 257 [294 P.2d 13]), the inquiry may reveal reasonable or probable cause for arrest, and such is the case here.

■ During the questioning of the defendant, the officer saw the tools in the car, and was informed by defendant that the defendant had no driver's license or identification, and that he was a parole violator. Furthermore, we cannot read into section 3060 of the Penal Code the peculiar limita-

tion urged by the defendant. ■ Rather, the defendant's admission to the officers that he had left the state without permission of his parole officer subjected him to arrest as an escaped prisoner, pursuant to section 3059 of the Penal Code.

Having concluded that the arrest of the defendant was a lawful one, we turn to the question of whether the search of his automobile and person was a reasonable search incident to a lawful arrest. ■ A search incident to a lawful arrest extends to the person as well as to the premises under his control. ■ Here, the officers saw the tools on the floor of the car during the questioning of the defendant. Observing what is in plain sight does not constitute a search (*People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273]). Thus, we conclude that the person of the defendant and the automobile were properly searched.

No prejudicial error appearing from the record before us, the judgment must be affirmed.

Judgment affirmed. Order denying motion for new trial affirmed.

Shoemaker, J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1961.