[Crim. No. 7987. Second Dist., Div. Four. June 18, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MACK CEPHUS JONES, Defendant and Appellant.

Mack Cephus Jones, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of Penal Code section 459, burglary. Defendant pleaded not guilty. After a jury trial he was found guilty as charged. His motions for a new trial and to reduce the degree of the crime were denied, and he was sentenced to imprisonment in the state prison for the term prescribed by law.

Defendant appeals, in propria persona, principally contending: (1) the evidence was insufficient to support the verdict; and (2) there was prejudicial misconduct by the district attorney in cross-examining him concerning prior felony convictions.

The facts of the instant case, viewed favorably to the People, are as follows: On April 2, 1961, Mr. Kenneth D. Williams was staying in a single-family residence located at 1128 East 127th Street in the City of Los Angeles which was rented by Mr. Williams' uncle, one Merrit J. Vincent and referred to herein as the Vincent residence.

When Mr. Williams left the house, at approximately 4:30 in the afternoon on that date, all of the doors and windows leading to the outside were locked and in good order.

Mr. Willie R. Cochran, another uncle of Mr. Williams, lived in a house which is one block north of the Vincent residence. At approximately 7:30 p. m. on April 2, 1961, Mr. Cochran, from his porch, observed defendant crossing Central Avenue at 126th Street. His attention was drawn to defendant because the latter was shabbily dressed. Ten minutes later Mr. Cochran walked over to the vicinity of the Vincent residence and saw defendant looking into a vacant house which was next door. Defendant walked across the driveway of the vacant house to the back of the driveway of the Vincent resi-

dence and then to the front door of that house. He opened the door and went in.

Mr. Cochran went to the house and attempted to enter, but the chain fastening inside the door had been hooked. Mr. Cochran then went to his next-door neighbor's house, borrowed a .38 caliber pistol and returned to the Vincent residence.

He attempted to open the front door again and found the chain hook still across the door. He heard what sounded to him like a chest of drawers or a dresser drawer being moved and other noises in the house. He shouted for the person inside to come out of the house with his hands raised. The defendant came to the front door, took the chain latch off, eased the door open and put his head out. He dropped something which he had in his hand, yelled "Don't shoot," opened the door and came out.

When defendant saw Mr. Cochran holding the gun, he started to curse and suggested that Mr. Cochran wouldn't shoot him. Defendant started off the porch. When he took a step, Mr. Cochran fired a warning shot. Defendant stopped and remained on the porch until the police came. During this interval defendant asked Cochran to let him go and said that it wouldn't be worth the loss of time for Cochran to go to court.

A hi-fi set, a suitcase and some clothing had been removed from the house. The hi-fi set was found in the shrubbery near the vacant house where defendant had first been seen, and the suitcase containing a clock radio, shirts and socks was found behind the vacant house on the other side of the fence in a vacant lot.

After the property had been recovered, Mr. Cochran and an investigating officer discovered that the screen on the Hollywood-type back door had been ripped away from the frame near the knob, and that the window, which could be opened from the outside, had been lowered into the door. The bottom of the door had been nearly pulled off. Mr. Cochran testified that he had installed the door on Thursday and had checked it that morning. He stated that it was not broken at that time.

Defendant first contends the evidence was insufficient to support his conviction of burglary because the intent to commit theft was not properly proved. This contention is without merit.

■ It is well established that when a judgment is attacked as being unsupported by the evidence a review of the record by an appellate court is limited to a determination as to whether there is substantial evidence to support the judgment of the trial court without weighing the evidence or considering the credibility of the witnesses. ■ All conflicts in the evidence must be viewed favorably to the prevailing party in the trial court. (*People* v. *Ellhamer,* 199 Cal. App.2d 777, 780 [18 Cal.Rptr. 905].)

■ In a prosecution for burglary the element of intent to commit theft at the time of entry is rarely susceptible of direct proof and is usually inferred from the circumstances. ■ Where the evidence is sufficient to justify a reasonable inference that such an intent existed the verdict may not be disturbed. (*People* v. *Smith,* 84 Cal.App.2d 509, 511-512 [190 P.2d 941].) ■ From the facts recited above there was substantial evidence to justify a reasonable inference that such an intent existed. (See: *People* v. *Nichols,* 196 Cal. App.2d 223, 227 [16 Cal.Rptr. 328]; *People* v. *Barraza,* 81 Cal. App.2d 661, 664 [184 P.2d 736].)

■ Defendant next contends that the trial court committed prejudicial error in allowing the prosecutor to cross-examine him concerning certain prior felony convictions, to wit, of burglary in Oklahoma in 1939 or 1940; of assault with a deadly weapon in California in 1948; and of burglary in California in 1958. During cross-examination defendant admitted that he had been convicted previously of burglary on one occasion and denied having been convicted of the other felonies. After being questioned concerning the other convictions defendant was asked if he had been convicted of the crime of burglary in the first degree in June of 1948, in Los Angeles. He responded, "That's wrong." The prosecutor then inquired: "And is it not a fact that in that case you went to State Prison here in California for a term of five years to life, and that was in 1948 and you were discharged in June, 1955, isn't that correct?" Over the objection of defense counsel the court permitted defendant to answer. Defendant answered that the prosecutor was correct as to the date of the discharge.

Section 2051 of the Code of Civil Procedure provides that a witness may be impeached by showing that he has been convicted of a felony either by an examination of the witness or production of the record of the judgment. A witness must answer as to his previous conviction of a felony. (Code Civ.

Proc., § 2065.) Further, it is permissible to show the conviction of more than one felony (*People* v. *Scarborough*, 171 Cal.App.2d 186, 190 [340 P.2d 76]) and the name of each felony. (*People* v. *Chin Hane*, 108 Cal. 597, 607 [41 P. 697].) A question involving the imprisonment or parole from imprisonment for such a crime (*People* v. *Hollander*, 194 Cal. App.2d 386, 396 [14 Cal.Rptr. 917]) or the details and circumstances of the offense (*People* v. *Chin Hane, supra*), is improper. Nor should the prosecutor constantly reiterate questions concerning the denied felony, but if the witness equivocates, the prosecutor in good faith may ask such questions as may be reasonably necessary to develop the fact of the conviction. (*People* v. *Howard*, 166 Cal.App.2d 638, 648 [334 P.2d 105]; see *People* v. *Miller*, 188 Cal.App.2d 156, 170 [10 Cal.Rptr. 326].)

 In the instant case it appears from the record that defendant in responding to several questions on this subject was equivocal and evasive. Further questioning revealed that he had in fact been convicted of one of the crimes about which he was questioned. It cannot be said that the trial court abused its discretion in allowing the additional questioning to develop the fact of conviction in view of defendant's response.

 After defendant admitted being convicted of first degree burglary, the prosecutor further inquired: "And at some time you went up to State Prison, and you also served a term for assault with a deadly weapon, isn't that correct?" Defendant responded, "No."

When the district attorney began to question the witness on another subject, defense counsel stated: "Just a minute, I will object to the answers of questions concerning the defendant being convicted of the crime of assault with a deadly weapon and ask that it be stricken on the ground that the District Attorney has no proof whatsoever to show that the defendant was, in fact, so convicted." The prosecutor replied: "I object to counsel saying that I have no proof whatsoever. The People will have a chance to present certain evidence in rebuttal." The judge stated: "All right, that's sufficient. We will wait and see what transpires."

No evidence was introduced in rebuttal concerning two of the purported convictions of defendant, the Oklahoma burglary or the assault with a deadly weapon. Defendant did not renew the objection or his motion to strike the evidence received. Neither did the defense counsel ask that the court instruct the jury to disregard the questions concerning the

two crimes on which no evidence of conviction was produced.

A question concerning imprisonment for a crime without establishing conviction of that crime is improper to impeach a witness. (Code Civ. Proc., § 2051; see *People* v. *Hollander*, 194 Cal.App.2d 386, 396 [14 Cal.Rptr. 917].)

However, under the circumstances in this case; in view of defendant's admission of the one conviction; his evasiveness in answering which justified further questioning than would normally be proper; and in the absence of any showing of bad faith on the part of the prosecutor, we find no reversible error. This is particularly true because the trial court was not asked or given the opportunity to correct any improper implications which may have resulted from the questions asked concerning the nonadmitted felonies.

Absent a renewal of the motion to strike, it cannot be presumed by this court that the prosecutor was acting in bad faith in failing to produce evidence of the prior convictions. (See *People* v. *Ellena,* 67 Cal.App. 683, 691-692 [228 P. 389].)

Even if it had been established that the prosecutor was unable to prove that defendant had been convicted of the two felonies, this court could not reverse the conviction. We cannot say, after an examination of the entire cause including the evidence, that it is reasonably probable that a result more favorable to the appealing party would have been reached, particularly in view of the proof of defendant's other conviction. (See *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The remaining questions raised by defendant are not meritorious and do not warrant discussion. Defendant received a fair trial, and his conviction was supported by substantial evidence.

The judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.

A petition for a rehearing was denied June 29, 1962, and appellant's petition for a hearing by the Supreme Court was denied August 15, 1962.