[Crim. No. 8584. Second Dist., Div. Four. Dec. 30, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY CARTER, Defendant and Appellant.

A. Marco Turk, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was charged with a violation of section 459 of the Penal Code (burglary), it being charged that, on April 1, 1962, he entered a dwelling with the intent to commit theft. Two prior felony convictions were alleged—one in 1956 for petty theft with a prior conviction of petty theft, and one in 1958 for petty theft with a prior conviction of a felony. Defendant entered a plea of not guilty and denied the alleged prior convictions. The court found defendant guilty of first degree burglary. No finding was

made with respect to the prior convictions, probation was denied, and defendant was sentenced to state prison for the term prescribed by law. He appeals from the judgment of conviction.

Walton Boshear, the only witness for the People, gave the following testimony: At approximately 3:30 a.m. on April 1, 1962, he was awakened by the barking of his dog in the hallway adjacent to the front door of his duplex type apartment. He observed defendant standing in the hallway. Taking his gun, he called out to defendant, asking him who he was and what he wanted. The dog was approaching from the other direction. Defendant backed into the living room and "stammering," replied, "I want to talk to you." Boshear asked defendant to come over to the bedroom door where Boshear was then standing. Defendant complied, stating that he was looking for gardening work and had "come by to see if he could mow" Boshear's lawn. Boshear had never seen defendant before. He ordered defendant to sit down and called the police. They arrived shortly thereafter.

Boshear found no evidence of a breaking or forced entry into his apartment. The front door was closed but unlocked. A night light was on in the kitchen.

Defendant testified he was a part-time window washer. At 3:30 a.m. on April 1, 1962, he "was going for some garden work," as he "had gotten three or four jobs like that." His "clock" had stopped and he thought it was later than 3:30 a.m. He entered what he thought was an apartment building, "something like a duplex." He went into the hallway of the "apartment building," through an open front door. "I came down the hallway and I seen this gentleman come out. . . . He told me to come inside and I did . . . with a little persuasion . . . he had a gun."

Defendant maintains the evidence was insufficient to justify a reasonable inference that he entered Boshear's residence intending to commit theft. We cannot agree.

While it was necessary for the People to show that defendant entered the premises intending to commit a theft therein, such an intent may be inferred from all the facts and circumstances disclosed by the evidence presented and where the evidence is sufficient to raise a reasonable inference that such an intent existed, the verdict and judgment may not be disturbed. (*People* v. *Franklin*, 106 Cal.App.2d 528, 530 [235 P.2d 402].)

In the instant case defendant was discovered in the

hallway of a residence, in which there was only a night light on in the kitchen, at 3:30 a.m. From defendant's conduct upon being surprised there, and from his lack of any plausible explanation of his presence, the trial court was amply warranted in its determination that defendant entered the premises intending to commit theft. (*People* v. *Soto,* 53 Cal. 415.)

Judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied January 17, 1964, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1964.