[Crim. No. 7987.   Second Dist., Div. Four.   Mar. 11, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. MACK CEPHUS JONES, Defendant and Appellant.

Mack Cephus Jones, in pro. per., and Caryl Warner, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with a violation of Penal Code section 459, burglary. Defendant pleaded not guilty. After a jury trial he was found guilty as charged. The degree of the crime was fixed as first degree. His motions for a new trial and to reduce the degree of the crime were denied, and he was sentenced to imprisonment in the state prison for the term prescribed by law.

Defendant originally appealed from the judgment in propria persona, this court having denied his request for appointment of counsel to assist him on appeal. The judgment of conviction was thereafter affirmed and defendant's petition for a hearing in the Supreme Court of California was denied. (*People* v. *Jones,* 204 Cal.App.2d 722 [22 Cal.Rptr. 499].) Subsequently, the United States Supreme Court ruled that defendant was entitled to counsel at the appellate level and remanded the case for further proceedings. (*Jones* v. *California,* 374 U.S. 501 [83 S.Ct. 1878, 10 L.Ed.2d 1045].) Pursuant to this mandate we vacated our original judgment and appointed counsel to represent defendant on this appeal.

The facts of the instant case, viewed favorably to the People, are as follows: On April 2, 1961, Mr. Kenneth D. Williams was staying in a single-family residence located at 1128 East 127th Street in the City of Los Angeles which was rented by Mr. Williams' uncle, one Merrit J. Vincent and referred to herein as the Vincent residence. When Williams left the house at approximately 4:30 in the afternoon on that date, all of the doors and windows leading to the outside were locked and in good order.

Willie R. Cochran, another uncle of Williams, lived in a house which is one block north of the Vincent residence. At approximately 7:30 p.m. on April 2,1961, Mr. Cochran, from his porch, observed defendant crossing Central Avenue at

126th Street. His attention was drawn to defendant because the latter was shabbily dressed. Ten minutes later Mr. Cochran walked over to the vicinity of the Vincent residence and saw defendant looking into a vacant house which was next door. Defendant walked across the driveway of the vacant house to the back of the driveway of the Vincent residence and then to the front door of that house. He opened the door and went in.

Mr. Cochran went to the house and attempted to enter, but the chain fastening inside the door had been hooked. Mr. Cochran then went to his next-door neighbor's house, bor- rowed a .38 caliber pistol and returned to the Vincent res- idence. He attempted to open the front door again and found the chain hook still across the door. He heard what sounded to him like a chest of drawers or a dresser drawer being moved and other noises in the house. He shouted for the person inside to come out of the house with his hands raised. Defendant came to the front door, took the chain latch off, eased the door open and put his head out. He dropped some- thing which he had in his hand, yelled ''Don't shoot,'' opened the door and came out.

When defendant saw Cochran holding the gun, he started to curse and suggested that Cochran wouldn't shoot him. Defendant started off the porch. When he took a step, Mr. Cochran fired a warning shot. Defendant stopped and re- mained on the porch until the police came. During this inter- val, defendant asked Cochran to let him go and said that it wouldn't be worth the loss of time for Cochran to go to court.

A hi-fi set, a suitcase and some clothing had been removed from the house. The hi-fi set was found in the shrubbery near the vacant house where defendant had first been seen, and the suitcase containing a clock radio, shirts and socks was found in a nearby vacant lot.

After the property had been recovered, Mr. Cochran, and an investigating officer discovered that the screen on the Holly- wood type back door had been ripped away from the frame near the knob, and that the window, which could be opened from the outside, had been lowered into the door. The bottom of the door had been nearly pulled off. Mr. Cochran testified that he had installed the door on Thursday and had checked it that morning. He stated that it was not broken at that time.

The court took judicial notice of the fact that on April 2, 1961, the sun set at 6:13 p.m.

■ The primary contention raised in the supplemental brief, filed on behalf of defendant by his court-appointed counsel, is that the trial court committed prejudicial error in failing on its own motion to instruct the jury that each juror must agree on the particular act or entry that constituted the basis of the conviction. The following argument is made: The information filed against defendant charged only one count of burglary. ■ The crime of burglary is complete upon the first entrance into the building. (*People* v. *Piscitella,* 90 Cal.App. 528 [266 P. 349].) ■ The evidence in the instant case established that more than one entry into the house was made by defendant. The deputy district attorney noted, in both his opening and closing arguments, that the evidence established that successive entries were made into the house. Under these circumstances, it is argued, the trial court was bound on its own motion to instruct the jury that it must agree on which act or entry constituted the crime charged.

■ The test used in determining what instructions must be given by a trial court on its own motion is stated to be "... that the court has a duty to give instructions on the general principles of law governing the case, even though not requested by the parties, but it need not instruct on specific points developed at the trial unless requested. [Citation.]" (*People* v. *Wade,* 53 Cal.2d 322, 344 [1 Cal.Rptr. 638, 348 P.2d 116]; see also *People* v. *Cofield,* 203 Cal. 703, 709 [265 P. 914].)

■ There is no suggestion in the record that either defense counsel or the deputy district attorney contemplated the theory of the case in the trial court which defendant now advances. The statements of the deputy district attorney in his argument, that there were a number of entries made by defendant, were made in reference to the question as to the necessity to infer that defendant entered with intent to commit theft. They were not made with reference to defendant's newly advanced theory that any one of a series of entries could have constituted the basis for a conviction of the crime charged. The theory of the defendant's defense, as stated by his counsel in closing argument, was that defendant did not have the requisite criminal intent when he entered the house. It was argued that he was intoxicated; that he went to the house to see his ex-wife who had at one time lived in the house. This theory of the case did not call for the instruction defendant now asserts should have been given. ■ "[T]he trial court cannot be required to anticipate every possible

theory that may fit the facts of the case before it and instruct the jury accordingly. The judge need not fill in every time a litigant or his counsel fails to discover an abstruse but possible theory of the facts." (*People* v. *Wade, supra,* 53 Cal.2d 322, 334.)

Defendant, in support of his argument, cites a number of cases holding that where the proof of either of two facts constitutes the offense charged, the jury should be instructed that they must agree among themselves that one fact or the other is established; that it will not do for part of them to agree on the existence of one fact, the rest concluding that the other fact alone was established. (*People* v. *Thompson,* 144 Cal.App.2d Supp. 854, 859 [301 P.2d 313]; *People* v. *Scofield, supra,* 203 Cal. 703.)

However, in the instant case, the jury was properly instructed as to the degrees of burglary and were made aware that, in order to convict of first degree burglary, they must find that the entry was made at night. The fact that a unanimous verdict of first degree burglary was returned evidences the fact that all of the jurors must have concurred in finding defendant guilty of the last entry, since that was the only entry as to which a definite time of day was established. Under these circumstances, omission of the instruction that each juror must agree on which entry constituted the crime, was not error.

Defendant received a fair trial; his conviction of burglary in the first degree was supported by substantial evidence.

The judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1964.