[Crim. No. 3957.   First Dist., Div. Two.   Oct. 11, 1961.]

THE PEOPLE, Respondent, v. CEDRIC J. VENTURI, Appellant.

Cedric J. Venturi, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Respondent.

AGEE, J.—Defendant pleaded guilty to two counts of forgery alleged to have been committed in Alameda County. His motion for probation was denied and he was sentenced to state prison. He appeals, in propria persona, from the judgment of conviction.

First, defendant states in his brief that he had been convicted on the same charges in Santa Clara County and thus was placed in double jeopardy by the action filed in Alameda County. There is nothing in the record, by pleading or otherwise, to support such a statement. Whatever light there is upon the subject appears from the following statement of defendant's counsel (public defender) at the time of sentencing: ". . . Defendant, Your Honor, has been in custody at this time five months already. He was down in San Jose on a charge, and at that time he tells me the Court considered the checks that are out here and that's why he spent so much time . . ." The court replied in part as follows: ". . . And my only conclusion is that Santa Clara County didn't realize the full extent of the defendant's operations, . . ." It would appear from the foregoing that, at best, all that the court may have done in the Santa Clara County action, with respect to the checks charged in the instant action, was to consider them in making its disposition of the action then before it. It in no way indicates that the defendant was ever charged in the Santa Clara County action with the Alameda County checks.

Section 1016, subdivision 4, of the Penal Code of the State of California provides for the plea of "once in jeopardy" and section 1017 thereof provides for the manner in which said plea is to be made. Failure to make such plea constitutes a waiver thereof. (*People* v. *Garcia,* 166 Cal.App. 2d 141, 145 [333 P.2d 69]; *In re Lozoya,* 146 Cal.App.2d 702, 703-704 [304 P.2d 156]; *People* v. *Mims,* 136 Cal.App.2d 828, 832-833 [289 P.2d 539].) Furthermore, the defendant's plea of guilty itself constitutes a waiver of any defense of once in jeopardy. (*People* v. *Strickler,* 167 Cal. 627 [140 P. 270].)

Second, defendant states in his brief that he entered his plea of guilty only because his counsel and the district

attorney both assured him that he would receive probation. There is absolutely no support in the record for such a statement. (In fact, the record shows that the probation officer recommended against probation.) Under the circumstances, as disclosed by the record, the defendant's plea of guilty must be considered as binding upon him.

The judgment of conviction is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.