[Crim. No. 4468. First Dist., Div. Two. Sept. 21, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. CARLOS TENARIO GOMEZ, Defendant and Appellant.

Abraham Joffe, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Robert R. Granucci and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Defendant appeals from a judgment convicting him of possession of heroin (Health & Saf. Code, § 11500). The case was submitted to the superior court on the transcript of the preliminary examination proceedings. The main contention on appeal is that the heroin was illegally obtained from defendant's person. The facts follow.

Defendant was moved by ambulance from a parked auto to the emergency hospital. He was unconscious, there was froth on his mouth, and he appeared to be having convulsions.

At the hospital efforts were made to restore defendant's breathing, which had stopped three or four times. While the doctor and the nurse were engaged in treating the defendant, the ambulance driver, who was also a police officer, went through defendant's pockets. He testified that he did this because "we were attempting to find out who he was and what might be wrong with him." After learning defendant's identity from the contents of his wallet, the officer looked into defendant's left front shirt pocket and found a folded paper wrapped in tinfoil. He testified that it appeared to him to be a "bindle." Upon later analysis the contents of the paper proved to be heroin.

The officer showed what he had found to the doctor and the nurse. Whether this aided them in their treatment of defendant is not clear from the record. In any event defendant was later restored to consciousness and he then explained his condition as being caused by two injections of heroin.

The officer's testimony as to his purpose in continuing to look through defendant's pockets after he had learned his identity is as follows: "Well, if they are unconscious or can't talk you have to attempt to learn who they are and what might be wrong with them. Some of them have Medic-Alerts or there might be something on their person that might give you an indication of what's wrong with them."

The officer described a "Medic-Alert" as "just an identification tag stating what's wrong with the man, either that or he's got an I.D. card or something on him that tells that he's an epileptic or afflicted with something, some kind of attacks, heart attacks or whatever it is."

The officer further testified that he had had four years of experience on ambulance duty and that what he had done in this instance was the standard practice followed in caring for unconscious persons.

In *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721], officers heard moaning sounds from inside an apartment and they entered for the purpose of rendering aid. While in the apartment one of the officers saw a radio which had been stolen. The Supreme Court stated that the officers "did not have to blind themselves to what was in plain sight simply because it was disconnected with the purpose for which they entered." Speaking of the entry, the court said: "Necessity often justifies an action which would otherwise constitute a trespass, as where the act is prompted by the motive of preserving life or property and reasonably appears to the actor to be necessary for that purpose."

▮ We hold that the officer acted reasonably under the circumstances of the instant case and that he did not need to blind himself to what he discovered while so doing. This being so, the heroin was legally admissible as evidence.

▮ The other contention made by defendant is that his plea of guilty in another action to the misdemeanor charge of being under the influence of narcotics (Health & Saf. Code, § 11721) on the same occasion constitutes a bar to the instant prosecution.

Defendant bases this contention upon section 654 of the Penal Code, which provides in pertinent part as follows: "An act or omission which is made punishable in different ways by different [statutory] provisions . . . may be punished under either of such provisions, but in no case can it be punished under more than one; . . . [a] conviction *and*

sentence under either one bars a prosecution for the same act or omission under any other." (Italics added.)

The "act or omission" referred to in section 654 need not be a single act in the ordinary sense. Under some circumstances it has been held to mean a course of conduct. (*People* v. *Brown,* 49 Cal.2d 577, 591 [320 P.2d 5]; *People* v. *Quinn,* 61 Cal.2d 551, 555-556 [39 Cal.Rptr. 393, 393 P.2d 705].)

It is reasonably arguable that being under the influence of heroin and having possession of heroin on the same occasion may, under certain circumstances, be considered as "a course of conduct that constitutes an indivisible transaction punishable under more than one statute" (*People* v. *Quinn, supra*) and thus be subject to the provisions of section 654 as being "the same act or omission."[1]

We need not decide this issue here because the record shows that defendant has never been sentenced for the misdemeanor offense. Under section 654, in order for a conviction to act as a bar to a subsequent prosecution "for the same act," it is necessary that the defendant be *sentenced* under the prior conviction. (*People* v. *Tideman,* 57 Cal.2d 574, 585 [21 Cal.Rptr. 207, 370 P.2d 1007].)

The Tideman case involved an illegal abortion followed by the death of the abortee. Tideman pleaded guilty to the abortion charge and then moved to bar the prosecution of the murder charge. The Supreme Court upheld the trial court's ruling that section 654 was not applicable because Tideman had not been sentenced on the abortion conviction. The resulting murder conviction was affirmed.

While defendant makes but passing reference in his brief to having been "placed in double jeopardy," the failure to enter such a plea in the court below constitutes a waiver thereof. (*People* v. *Venturi,* 196 Cal.App.2d 244 [16 Cal. Rptr. 505], and authorities cited therein.) Moreover, being under the influence of narcotics is not "an offense necessarily included" in the offense of possessing narcotics, within the meaning of section 1023 of the Penal Code.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied October 21, 1964.

---

[1]This argument was rejected by the majority opinion in *People* v. *Ayala,* 167 Cal.App.2d 49 [334 P.2d 61], but there *addiction* (a previously acquired condition) was charged instead of the more temporary condition of "being under the influence of narcotics."