[Crim. No. 11344.   Second Dist., Div. Two.   Nov. 21, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM DOUGLAS et al., Defendants and Appellants.

Bennie Will Meyes, in pro. per., and William M. Bullis, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Douglas and Meyes were involved in a series of robberies in 1958. On October 20 police officers attempted to arrest them for the robberies, a gunfight broke out,

and Officer Nash was killed. On October 24, 1958, Douglas and Meyes were indicted for the murder of the officer, and, after two trials, on June 23, 1959, Douglas was acquitted and Meyes was convicted of second-degree murder, a conviction which was affirmed on appeal. (*People* v. *Meyes,* 198 Cal.App.2d 484 [18 Cal.Rptr. 322].) Subsequent to the verdicts in the second murder trial, defendants were charged on July 21, 1959, with 10 counts of robbery (Pen. Code, § 211), one count of assault with intent to commit murder (Pen. Code, § 217), and two counts of assault with a deadly weapon (Pen. Code, § 245), all having taken place a year earlier on various dates from June 29, 1958, to October 10, 1958. Both defendants were convicted on all counts, their convictions were affirmed on appeal in 1960 (*People* v. *Douglas,* 187 Cal.App.2d 802 [10 Cal.Rptr. 188]), and the California Supreme Court in 1961 denied a hearing. However, the United States Supreme Court in 1963 vacated the affirmance of the convictions, holding that the defendants had a constitutional right to be represented by counsel on appeal. (*Douglas* v. *California,* 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].) On remand, the Court of Appeal appointed counsel and again affirmed the robbery convictions. The California Supreme Court granted a hearing and in 1964 reversed the judgments of conviction because the trial court had failed to appoint separate counsel for each defendant at the trial. (*People* v. *Douglas,* 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964].) On retrial with separate counsel defendants were convicted in 1965 on 10 counts of robbery and assault and acquitted on three counts. This appeal followed.

1. In the 1959 murder trial, testimony concerning the robberies was admitted in evidence to show motive for the murder. (*People* v. *Mcyes,* 198 Cal.App.2d 484, 490 [18 Cal.Rptr. 322].) In the 1965 trial for robbery and assault, counsel stipulated that the transcript of certain testimony in the murder trial concerning the robberies could be introduced as substantive evidence. Both sides then presented additional evidence concerning the robberies. Defendants now argue that because some of the evidence in both the murder and robbery trials was the same they have been (a) subjected to double jeopardy contrary to the provisions of the federal and state constitutions that no person shall twice be put in jeopardy for the same offense (U.S. Const., Amend. V; Cal. Const., art. I, § 13), and (b) denied the protection of due process of law through the use of procedures which are fundamentally unfair. (U.S. Const., Amend. XIV : Cal.Const., art. I, § 13.)

■ The gist of double jeopardy is multiple prosecution for the same offense. Penal Code, section 1023, states "When the defendant . . . has been once placed in jeopardy upon an accusatory pleading, the . . . jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading." ■ In the murder trial the offense prosecuted was the murder of Officer Nash on October 20, and the act on which the offense was based was the killing of the officer on that date. In the present trial the offenses prosecuted were robberies and assaults, and the acts on which they were based took place between June 29 and October 10. Since neither the offenses nor the acts on which they were based were the same, prosecution on one could not have resulted in jeopardy on the other. Nevertheless defendants argue that jeopardy on the robbery prosecution somehow attached when evidence of the robberies was introduced in the murder trial to establish motive. This argument ignores the basic protection of our criminal procedure, which makes it legally impossible for a defendant to be convicted of robbery in a prosecution for murder. ■ The *sine qua non* of double jeopardy is a previous similar charge, and absent prosecution on such a charge a defendant has never suffered prior jeopardy.

■ The defendants also argue that the use of evidence against them in one criminal prosecution forecloses later use of the same evidence in another prosecution, that the use against them of the same damaging evidence to support more than one prosecution is fundamentally unfair and violates the due process clauses of the federal and state Constitutions. ■ This argument has no more than a surface plausibility, for evidence is merely proof of a fact, and a fact may be introduced into any proceeding to which it appropriately relates. To prove a fact the same evidence may be introduced in any number of proceedings, civil or criminal, in which the fact is relevant and material to any issue in the case. ■ For example, "It is well settled that if evidence in a criminal case tends logically, naturally and by reasonable inference to establish any fact material for the People, or to overcome any material matter sought to be proved by the defense, it is admissible whether it embraces the commission of another crime or not and whether it be part of a single design or not." (*People* v. *Coefield*, 37 Cal.2d 865, 869 [236 P.2d 570].) Evidence of a defendant's

participation in a robbery is admissible to establish a motive for murder, even though the defendant may have been previously acquitted of the robbery itself. (*People* v. *Rosoto,* 58 Cal.2d 304 [23 Cal.Rptr. 779, 373 P.2d 867].) ▮ The same evidence may be used more than once in consecutive prosecutions (*People* v. *Rosoto,* 58 Cal.2d 304, 327-329 [23 Cal.Rptr. 779, 373 P.2d 867]; *People* v. *Candelaria,* 153 Cal. App.2d 879, 883-886 [315 P.2d 386]), even when the prosecutions arise out of the same set of facts. (*Hoag* v. *New Jersey,* 356 U.S. 464, 467 [2 L.Ed.2d 913, 78 S.Ct. 829]; *Ciucci* v. *Illinois,* 356 U.S. 571, 573 [2 L.Ed.2d 983, 78 S.Ct. 839].) ▮ Finally, even were there some limitation on the use of evidence in a criminal proceeding which had been introduced in a prior criminal proceeding—assuming that such a limitation could be logically constructed from the law of evidence—it would not avail defendants in this case since they stipulated that the prior testimony could be received in evidence in the present robbery trial.

▮ 2. Defendants also contend there was something unfair or unconstitutional in the initiation of a prosecution against them for earlier robberies and assaults after they had stood trial for a later murder. In making this argument they do not rely on the statute of limitations, for the prosecution for robbery and assault was started approximately one year after the robberies and well within the three-year period of limitation for the prosecution of felonies. (Pen. Code, § 800.) Rather they appear to claim the additional protection of a proposed rule which would require a prosecutor to charge all known offenses in a single prosecution—whether or not the offenses arose out of the same act, or were connected, or were of the same class. The thrust of such a rule would require a prosecutor to proceed on all known offenses at the time he prosecutes for any offense, in default of which the right to prosecute for the uncharged offenses would expire.

▮ Although the fundamental fairness prevents prosecutors from attempting to harass defendants by multiple indictments and successive trials for the purpose of wearing them down (*Hoag* v. *New Jersey,* 356 U.S. 464, 467 [2 L.Ed.2d 913, 78 S.Ct. 829]; *Palko* v. *Connecticut,* 302 U.S. 319, 328 [82 L.Ed. 288, 58 S.Ct. 149]), this test only applies to multiple prosecutions for offenses arising out of the same act, the same incident, or the same course of conduct. In *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206], the court summarized the rule: ''When . . . the prosecution is or

should be aware of more than one offense in which the same act or course of conduct plays a significant part all such offenses must be prosecuted in a single proceeding. . . ." This rule is designed to cover prosecutions for offenses arising out of the same act. But in the present case defendants were prosecuted for unrelated offenses arising from separate physical acts performed at different times. A murder, a robbery, an assault, like every other action, normally has a beginning, a duration, and an end, and where, as here, none of these overlap, simultaneous prosecution is not required under any present theory of jurisprudence. The offenses found too closely related in *Kellett* to be prosecuted separately arose at the same moment in time and were based on a single act—brandishing a pistol—whence came both the charge of exhibiting a firearm in a threatening manner and the charge of possession of a concealable weapon by a felon.

While a defendant may not be subjected to a series of trials in an effort to wear him down, harass him, or obtain an acceptably severe judgment, we see no reason to require prosecutors to proceed against a defendant simultaneously for all known offenses, whether related to one another or not, in order to guard against the possibility of harassment. The adoption of such a rule would tend to aggravate the very harassment it was designed to alleviate by impelling a prosecutor filing on one charge to throw the book at the defendant in order to prevent him from acquiring immunity against other potential charges and to protect the prosecutor from accusations of neglect of duty. Such a rule would radically alter the provisions now governing permissive joinder of offenses in a single accusatory pleading, by compelling an indiscriminate joinder of all offenses, an alteration which would be wholly inconsistent with our present joinder statute. (Pen. Code, § 954.) ██ We adhere to the view that the time for the initiation of prosecutions is governed by the general statute of limitations, that the defendants have no legal cause to complain because they were first prosecuted for murder and later prosecuted for robberies and assaults which took place prior to the time of the murder.

██ While the defendants have a constitutional right to a speedy trial, they have no general right to a prosecution speedier than that laid down by the statute of limitations. (*People v. Jordan,* 45 Cal.2d 697, 708 [290 P.2d 484].)

██ 3. Defendants contend they were victims of an unlawful search and seizure because the officers broke into Meyes' apartment at gunpoint to make the arrest. But there was a

warrant for the arrest of Meyes, and the officers had probable cause to believe that Meyes and his companion were in the apartment. The officers' manner of entry into the apartment, with guns drawn, was justified by their information that the suspects were armed and dangerous. (*People* v. *Schader*, 62 Cal.2d 716, 725 [44 Cal.Rptr. 193, 401 P.2d 665].) The entry and arrest were proper, and a reasonable search of the apartment incident to the arrest was authorized. (*People* v. *Hammond*, 54 Cal.2d 846 [9 Cal.Rptr. 233, 357 P.2d 289].)

Other points raised by the defendants on appeal merit no discussion.

The judgments of conviction are affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied November 28, 1966, and appellants' petition for a hearing by the Supreme Court was denied January 18, 1967. Mosk, J., and Burke, J., did not participate therein.