[Crim. No. 21476. Second Dist., Div. Three. Jan. 23, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES BAKER WARD, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Glen F. Mowrer, Jr., and Harold E. Shabo, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCHWEITZER, Acting P. J.**—The question presented on this appeal is whether the several felonies committed by defendant against two victims are so closely related that the prosecution and conviction of defendant for one of the felonies bars the subsequent prosecution of defendant for the remaining felonies.

There is no dispute as to the facts. No issue is raised as to defendant's guilt of any of the offenses charged in either the initial or subsequent prosecution. The sole question is that indicated above.

About 7:30 p.m. on January 12, 1971, defendant visited Mrs. Wolfe at her residence in Lynwood, Los Angeles County. At his suggestion they sat in his parked car. Against her wishes he then drove her to an isolated

location and parked his car. When she started to leave, he promised to drive her home. Defendant drove Mrs. Wolfe to an alley one block from her home, again parked his car, and forcibly raped her. He then brandished a knife, gagged and tied Mrs. Wolfe, and placed her in the trunk of his car.

Defendant returned to Mrs. Wolfe's residence, informed her 17-year-old daughter, Andrea, that her mother was in West Covina and wanted him to bring Andrea to her. Andrea accompanied defendant. Defendant drove for a long period over roads unfamiliar to Andrea. During the ride defendant forced Andrea to orally copulate him; thereafter he stopped his car and raped her. Defendant then released Mrs. Wolfe from the trunk of his car, told the victims of his intention to take them to Florida, and with the two victims in his auto continued to drive until his car broke down in San Bernardino County where the victims reported the events to a police officer who stopped to render assistance.

Defendant was arrested and charged in San Bernardino County with sex perversion (Pen. Code, § 288a) upon Andrea. Thereafter a complaint was filed in Los Angeles County charging defendant with kidnaping (Pen. Code, § 207), rape (Pen. Code, § 261, subd. 2), and assault with a deadly weapon (Pen. Code, § 245, subd. (a)) upon Mrs. Wolfe.

On January 29 defendant appeared in San Bernardino Municipal Court and entered a plea of guilty to the 288a charge involving Andrea (see Pen. Code, § 859a); his case was certified to the San Bernardino Superior Court; and on April 2 the San Bernardino Superior Court entered a judgment of conviction and imposed sentence.

At the subsequent preliminary hearing examination on the Los Angeles charges, defendant moved to dismiss the complaint on the ground that the Los Angeles prosecution was barred by the failure of the prosecution to join all offenses in a single proceeding; the motion was denied and defendant held to answer.

At the time of trial in Los Angeles County, defendant renewed the motion; it was denied. Thereafter, following waiver of his constitutional rights, defendant and counsel stipulated that count I (kidnaping of Mrs. Wolfe) be submitted on the transcript of the preliminary hearing. The court found defendant guilty of that offense, dismissed the remaining counts, and imposed sentence. He appeals from the judgment.

Defendant contends that the Los Angeles prosecution was barred by section 654, Penal Code,[1] and the due process clauses of the federal and

---

[1]Section 654 provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under

state Constitutions (U.S. Const., Amend. XIV; Cal. Const., art. I, § 13) on the ground that the charges involving Mrs. Wolfe could and should have been joined with the charge involving Andrea filed in San Bernardino County inasmuch as all of the offenses arose out of a single course of conduct, occurred at approximately the same time, were of the same class of crime, and were each committed in defendant's automobile, facts known to the Los Angeles authorities. Defendant predicates this contention on his interpretation of *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal. Rptr. 366, 409 P.2d 206], that the superior courts in each county had jurisdiction to try each offense against each victim. The Attorney General agrees that Los Angeles Superior Court had jurisdiction to hear all charges but contends that San Bernardino Superior Court lacked jurisdiction to try defendant for rape and assault with a deadly weapon on Mrs. Wolfe.

■ It should be noted that the phrase "act or omission," referred to in section 654, Penal Code, need not be a single act in the ordinary sense; it has been construed as including a course of conduct. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 827; *Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Gomez,* 229 Cal.App.2d 781, 784 [40 Cal.Rptr. 616].)

■ Section 654, Penal Code, sets forth rules for compulsory joinder in a single accusatory pleading of two or more offenses; section 954, Penal Code, provides for permissive joinder of multiple offenses connected in their commission or having a common element of substantial importance in their commission. Read together they indicate a legislative intent to require joinder of related offenses in a single prosecution to prevent harassment, to avoid needless repetition of evidence, and to save the state and the defendant time and money. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 826.) In interpreting the two sections in conjunction with the due process clause of the Constitution, the court stated in *Kellett* at page 827: "If needless harassment and the waste of public funds are to be avoided, some acts that are divisible for the purpose of punishment must be regarded as being too interrelated to permit their being prosecuted successively. When there is a course of conduct involving several physical acts, the actor's intent or objective and the number of victims involved, which are crucial in determining the permissible punishment, may be immaterial when successive prosecutions are attempted. *When . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding*

either of such provisions, but in no case can it be punished under more than one; *an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.*" (Italics added.)

unless joinder is prohibited or severance permitted for good cause. *Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.* [Fn. omitted.]" (Italics added.)

As previously stated defendant's contention is predicated on the assumption that the San Bernardino Superior Court had jurisdiction to try him for all of the offenses charged in the Los Angeles prosecution. In this connection he relies on section 783, Penal Code, an exception to the general jurisdictional statute (Pen. Code, § 777), which provides in pertinent part: "When a public offense is committed in this State . . . [in] a . . . motor vehicle . . . , the jurisdiction is in any competent court, through, on, or over the jurisdictional territory of which the . . . motor vehicle . . . passes in the course of its voyage or trip, or in the jurisdictional territory of which the voyage or trip terminates."

In advancing this contention defendant argues that each offense against each victim was committed pursuant to a single overriding motive, to force Mrs. Wolfe to accompany him to Florida, that therefore his criminal conduct must be considered as being uninterrupted and indivisible, and that since it occurred in his motor vehicle while it was being driven in and between Los Angeles and San Bernardino Counties, each criminal act against each victim must be deemed to have been committed "in the course of [the] trip," thus giving the San Bernardino Superior Court jurisdiction over each offense against each victim, pursuant to section 783. He thus attempts to bring himself within the single "course of conduct" rule of *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 827. Defendant also points out that section 783 gave the San Bernardino court jurisdiction over all offenses on a second ground—it was "the jurisdictional territory of which the . . . trip terminates."

The phrase "in the course of its . . . trip," as used in section 783, has not been defined in any reported decision. It would appear that decisive factors would include the intent and objective of the defendant, and the facts surrounding the movement, giving consideration to any interruptions thereto.

Considering these factors in connection with defendant's argument, it is not unreasonable to infer that the Los Angeles charges of kidnaping and assault with a deadly weapon upon Mrs. Wolfe might have been committed as incidental to defendant's motive to force Mrs. Wolfe to accompany him to Florida; however, we fail to see any rational basis for his assertion that the rape of Mrs. Wolfe in Los Angeles County was connected, either directly or indirectly, with such motive. Since the San Ber-

nardino Superior Court had no jurisdiction under section 783 to try defendant on this charge, it could not have been consolidated with any charges filed in that county; as a result the separate proceeding in Los Angeles County was proper. Under such circumstances the reasoning of *Kellett* has no application.

■ But even if we assume that each of the three Los Angeles offenses involving Mrs. Wolfe could have been prosecuted in San Bernardino County under the permissive joinder provisions of section 954, we hold that the mandatory joinder provisions of section 654, as interpreted by *Kellett,* are not applicable for two reasons.

First, *Kellett* is expressly limited to cases in which "the same act or course of conduct plays a significant part" in more than one offense. (63 Cal.2d at p. 827.) In *Kellett* defendant was first prosecuted for exhibiting a firearm in a threatening manner; the Supreme Court held that his subsequent prosecution for possession of a concealed weapon by an ex-felon was barred. Somewhat similar facts were considered and the same conclusion reached in *People* v. *Wasley,* 11 Cal.App.3d 121 [89 Cal.Rptr. 418], and in *In re Grossi,* 248 Cal.App.2d 315 [56 Cal.Rptr. 375]. Here, it cannot be said that "the same act[s] or course[s] of conduct [committed against Mrs. Wolfe] play[ed] a significant part" in the sexual offense against Andrea. The crimes were committed at different locations, at different times, against different victims, and with different objectives. The mere fact that they occurred in defendant's vehicle during the same night does not connect them as parts of a continuous course of conduct. (See *People* v. *Howell,* 245 Cal.App.2d 787, 791-792 [54 Cal.Rptr. 92].)

A second reason why section 654 does not bar the subsequent prosecution of defendant in Los Angeles County is expressed in *Kellett* as an exception to the general rule. The court, in anticipating the problem of successive prosecutions where offenses are prosecuted by different public law officers noted that such situation presents certain risks: the risk that a misdemeanor prosecutor may proceed without adequately assessing the seriousness of defendant's conduct or considering whether a felony prosecution should be undertaken; the risk that a well advised defendant may plead guilty to a misdemeanor to foreclose a subsequent felony prosecution; the risk that a prosecutor may be unaware of felonies at the time of a misdemeanor prosecution. (63 Cal.2d at pp. 827-828.) The court then added at page 828: "In such situations the risk that there may be waste and harassment through both a misdemeanor and felony prosecution may be outweighed by the risk that a defendant guilty of a felony may escape proper punishment. Accordingly, in such cases section 654 does not bar a subsequent felony

prosecution except to the extent that such prosecution is barred by that section's preclusion of multiple punishment." (See also *People* v. *Hartfield,* 11 Cal.App.3d 1073, 1080 [90 Cal.Rptr. 274].)

We recognize that *Kellett* limited its comments to situations where the initial prosecution is for a misdemeanor and the subsequent prosecution is for a felony. We see no reason why this exception should not be extended to cases involving successive felony prosecutions in different jurisdictions under circumstances comparable to those anticipated by *Kellett.*

Here, defendant was arrested on January 13 and transported to jail in San Bernardino County. Thereafter the Lynwood (Los Angeles County) police were notified and on January 16 a Lynwood officer visited defendant in the San Bernardino jail and advised him that he intended to seek a complaint in Los Angeles County. On January 19 the officer conferred with a deputy district attorney in Compton (Los Angeles County) and was advised that all charges could not be filed in a single complaint because of a "jurisdictional problem." On January 25 the complaint involving Andrea was filed in San Bernardino County. On January 26 the complaint involving Mrs. Wolfe was filed in Los Angeles County. The Lynwood officer then obtained a Los Angeles warrant for defendant's arrest, and on January 27 he placed a hold against defendant with the San Bernardino sheriff's office. On January 29 defendant entered a plea of guilty in San Bernardino Municipal Court to the San Bernardino charge.

Under these fast-moving events, it is doubtful that responsible officials of either county had the opportunity to give full consideration to the jurisdictional problems involved and to the legal effect of accepting an early guilty plea. Even though it might be said that they were chargeable with knowledge thereof, it is not reasonable to assume that the Los Angeles authorities should have anticipated that defendant would plead guilty at such an early date. The record does not indicate that they had notice thereof until sometime after the plea had been entered. The reasons for the rule against multiple prosecution (harassment of defendant, needless repetition of evidence, and waste of time and money (see *Kellett* v. *Superior Court,* 63 Cal.2d at p. 826)) do not exist in this case; the reasons for the *Kellett* exception to section 654 are present.

Judgment affirmed.

Cobey, J., and Allport, J., concurred.

A petition for a rehearing was denied February 8, 1973, and appellant's petition for a hearing by the Supreme Court was denied April 4, 1973. Clark, J., did not participate therein.