[No. B096632. Second Dist., Div. Seven. Dec. 11, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
STELLA BLANCHE CUEVAS, Defendant and Appellant.

[No. B102411. Second Dist., Div. Seven. Dec. 11, 1996.]

In re STELLA BLANCHE CUEVAS on Habeas Corpus.

COUNSEL

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Thomas W. Casparian, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WOODS, J.—Appellant, relying upon *Kellett v. Super Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], contends the instant prosecution (Super. Ct. No. PA016482) for cocaine sales on February 18, 1992, and February 27, 1992, was barred by the prosecutor's failure to charge these offenses in an earlier prosecution (People v. Cuevas (Super. Ct. L.A. County, No. VA014993)) for possession of cocaine for sale. We find *Kellett* inapplicable and the instant prosecution not barred by appellant's earlier possession of cocaine for sale conviction. (Pen. Code, § 654.) Accordingly, we reject appellant's ineffective assistance of counsel claim, deny her habeas corpus petition and affirm the judgment.

*Factual and Procedural Background*[1]

In March 1991 a multiagency task force began a narcotics investigation of appellant and others. The agencies included the United States Department of Justice, Drug Enforcement Administration (DEA), United States Customs, Anaheim Police Department, California Department of Justice, Bureau of Narcotic Enforcement (BNE) and other police agencies in Los Angeles County. The investigation involved at least 15 suspects and 12 residences. During the investigation, on March 13, 1992, 935 kilograms of cocaine were seized from a Valencia location. Apparently one or more undercover agents and/or informants were involved in the investigation.

During the investigation, on February 18, 1992, BNE Officer Paul Willmore bought 223 grams of cocaine from appellant for $4,000. On February 27, 1992, Officer Willmore again bought cocaine from appellant, paying her $4,000 for 219 grams of cocaine.

On May 20, 1992, pursuant to a search warrant, appellant's residence was searched. Cocaine was found in appellant's purse and in a safe. $3,046 in currency was seized.

On May 27, 1992, a felony complaint was filed in the Downey Judicial District (People v. Cuevas, *supra*, No. VA014993). As amended August 25, 1992, it charged appellant with having possessed cocaine for sale (Health & Saf. Code, § 11351) on May 20, 1992. It also alleged the amount of cocaine exceeded 28.5 grams. (Penal Code section 1203.073 prohibited probation except in an unusual case, if a person possessed for sale 28.5 grams or more of cocaine.) Over one year, and many continuances later, on September 23, 1993, appellant pleaded guilty as part of a plea bargain. She was sentenced on November 10, 1993, and received probation on condition she serve 90 days in the county jail,[2] stayed until December 13, 1993.

On March 9, 1994, shortly before appellant completed her 90 days in county jail, a felony complaint (PA016482) was filed charging her with the February 18 and 27, 1992, cocaine sales (Health & Saf. Code, § 11352).[3] The preliminary hearing was held November 1, 1994, and the superior court

---

[1]There are no trial transcripts to rely upon for the "facts" because, appellant having pleaded guilty, there were no trials. Instead, we rely upon the diverse materials constituting the record on appeal including preliminary hearing transcripts, investigative reports, search warrant affidavits, probation reports, etc.

[2]The probation report states appellant was an actively involved "major player" who had helped her spouse pick up and deliver 935 kilograms of cocaine for which they had received $50,000.

[3]The complaint included other charges and defendants.

arraignment on November 15, 1994. After several continuances, appellant, represented by Deputy Public Defender Ken Lezin, pleaded guilty to both charges in exchange for a sentence of no more than four years.

Then, on May 17, 1995, prior to sentence, appellant retained private counsel James Barnes, who moved to withdraw appellant's guilty plea. On July 28, 1995, after a hearing, the trial court denied the motion. Appellant was sentenced to a three-year state prison term. This appeal, supported by the trial court's certificate of probable cause (Pen. Code, § 1237.5), followed.

## DISCUSSION

 Couched in different ways, the essence of appellant's argument is this: The authorities knew about all her narcotic offenses and could have charged them all in "a single proceeding." (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 827.) By charging her with only one offense, they may not thereafter, in a second proceeding, charge her with the others. (Pen. Code, § 654.)[4]

Based upon this argument, appellant asserts she was denied effective assistance of counsel (her deputy public defender should have moved to dismiss this second prosecution, not urged her to plead guilty) and the trial court erred in denying her motion to withdraw her guilty plea.

As we explain, the argument is mistaken.

In *Kellett*, police arrived at a "disturbance" scene where they saw defendant Kellett holding a pistol. Kellett was arrested and charged with exhibiting a firearm in a threatening manner (Pen. Code, § 417), a misdemeanor.

A month later, in a second proceeding involving the same pistol, Kellett was charged with possession of a concealable weapon by a person who has been convicted of a felony (Pen. Code, § 12021).

After Kellett pleaded guilty to the misdemeanor charge, and was sentenced, he moved to dismiss the felony charge. (Pen. Code, § 654.) The motion was denied and he sought a writ of prohibition.

Justice Traynor, in granting the writ stated: "When, as here, the prosecution is or should be aware of more than one offense *in which the same act or*

---

[4]The section reads: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

*course of conduct plays a significant part,* all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 827, italics added.)

*Kellett* does not require, nor do the cases construing it, that offenses committed *at different times and at different places* must be prosecuted in a single proceeding. Illustrative are the following.

In *People* v. *Douglas* (1966) 246 Cal.App.2d 594 [54 Cal.Rptr. 777], Douglas and Meyes committed a series of robberies and assaults from June 29, 1958, to October 10, 1958. On October 20, 1958, when officers tried to arrest them for these offenses, a gunfight occurred and an officer was killed. On October 24, 1958, Douglas and Meyes were indicted but only for the murder of the officer. On July 21, 1959—after Meyes had been convicted and Douglas acquitted—both were charged with the earlier robberies and assaults. Both were convicted.

On appeal, the defendants made a claim similar to that of appellant. Justice Fleming stated, ". . . they appear to claim the additional protection of a proposed rule which would require a prosecutor to charge all known offenses in a single prosecution—whether or not the offenses arose out of the same act, or were connected, or were of the same class. The thrust of such a rule would require a prosecutor to proceed on all known offenses at the time he prosecutes for any offense, in default of which the right to prosecute for the uncharged offenses would expire.

"Although the fundamental fairness test prevents prosecutors from attempting to harass defendants by multiple indictments and successive trials for the purpose of wearing them down [citations], this test only applies to multiple prosecutions for offenses arising out of the same act, the same incident, or the same course of conduct. In *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206], the court summarized the rule: 'When . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part all such offenses must be prosecuted in a single proceeding. . . .' This rule is designed to cover prosecutions for offenses arising out of the same act. But in the present case defendants were prosecuted for unrelated offenses arising from separate physical acts performed at different times. A murder, a robbery, an assault, like every other action, normally has a beginning, a duration, and an end, and where, as here, none of these overlap, simultaneous prosecution is not required under any present theory of jurisprudence.

The offenses found too closely related in *Kellett* to be prosecuted separately arose at the same moment in time and were based on a single act—brandishing a pistol—whence came both the charge of exhibiting a firearm in a threatening manner and the charge of possession of a concealable weapon by a felon." (*People* v. *Douglas, supra,* 246 Cal.App.2d at pp. 598-599.)

Justice Fleming explained, ". . . we see no reason to require prosecutors to proceed against a defendant simultaneously for all known offenses, whether related to one another or not, in order to guard against the possibility of harassment. The adoption of such a rule would tend to aggravate the very harassment it was designed to alleviate by impelling a prosecutor filing on one charge to throw the book at the defendant in order to prevent him from acquiring immunity against other potential charges and to protect the prosecutor from accusations of neglect of duty. Such a rule would radically alter the provisions now governing permissive joinder of offenses in a single accusatory pleading, by compelling an indiscriminate joinder of all offenses, an alteration which would be wholly inconsistent with our present joinder statute. (Pen. Code, § 954.)" (246 Cal.App.2d at p. 599.)

In *People* v. *Ward* (1973) 30 Cal.App.3d 130 [105 Cal.Rptr. 67] the defendant raped a woman, put her in his car trunk, drove off with her 17-year-old daughter whom he forced to orally copulate him, and, after his car broke down, was arrested. Charged with oral copulation (in San Bernardino County), Ward pleaded guilty and was sentenced. He then moved to dismiss the rape, kidnapping, and assault charges pending in Los Angeles County. In rejecting the defendant's claim the Court of Appeal stated, "*Kellett* is expressly limited to cases in which 'the same act or course of conduct plays a significant part' in more than one offense. (63 Cal.2d at p. 827.) . . . Here, it cannot be said that 'the same act[s] or course[s] of conduct [committed against Mrs. W.] played[ed] a significant part' in the sexual offense against [A.]. The crimes were committed at different locations, at different times, against different victims, and with different objectives. The mere fact that they occurred in defendant's vehicle during the same night does not connect them as parts of a continuous course of conduct." (30 Cal.App.3d at p. 136.)

In *People* v. *Hurtado* (1977) 67 Cal.App.3d 633 [136 Cal.Rptr. 774] when the defendant was stopped for drunk driving he tried to hide a cigarette package containing 20 balloons of heroin between his legs. Two prosecutions were initiated, one for drunk driving, the other for possession of heroin. Hurtado pleaded guilty to the former, was sentenced, and then moved to dismiss the latter on *Kellett* grounds. The Court of Appeal found *Kellett* inapplicable.

*People* v. *Martin* (1980) 111 Cal.App.3d 973 [169 Cal.Rptr. 52] involved a burglary during which a shotgun was stolen. Martin was first prosecuted for possessing the (now sawed-off) shotgun and after being convicted and sentenced, was then prosecuted for burglary—all without violating *Kellett*.

Perhaps most similar to the instant case is *People* v. *Tirado* (1984) 151 Cal.App.3d 341 [198 Cal.Rptr. 682]. Tirado committed a shoe store robbery and about a year later committed a gas station robbery. *After* he was convicted of the gas station robbery and sentenced to a shorter state prison term than the prosecutor thought fitting, Tirado was charged with the earlier shoe store robbery. As here, after a bargained guilty plea, Tirado claimed ineffective assistance of counsel, a *Kellett* violation, and filed a habeas corpus petition in addition to his appeal. The Court of Appeal found *Kellett* inapplicable, denied the petition, and affirmed the judgment.

We conclude *Kellett* is inapplicable; counsel (Deputy Public Defender Lezin) was not remiss for failing to urge dismissal based upon *Kellett*; and the trial court did not err in denying appellant's motion to withdraw her plea of guilty.[5]

## DISPOSITION

The petition is denied and the judgment affirmed.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied January 7, 1997, and appellant's petition for review by the Supreme Court was denied March 19, 1997.

---

[5]We have considered appellant's denial of a speedy trial and other contentions and find them meritless.