Filed 3/25/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.D., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B338111 (Super. Ct. No. 2024007054) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.D.,<br><br>    Defendant and Appellant. | |

J.D. appeals from the trial court's order denying her motion to dismiss a juvenile Welfare and Institution section 602 petition pursuant to Penal Code section 654[1] and *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*)).  We affirm.

---

[1] All undesignated statutory references are to the Penal Code.

*Factual and Procedural Background*

On March 24, 2023, at approximately 2:30 p.m., Officer Heather Straup of the Ventura Police Department, responded to the Pacific View Mall in response to the reported theft of a cell phone from a minor, Mia M. Mia was sitting with friends on the first floor of the mall when appellant approached the group, took Mia's cell phone, and walked away. Mall surveillance video recorded the theft. Mia identified appellant as the thief.

That same day, at approximately 5:00 p.m., Officer Straup again responded to the Pacific View Mall to investigate an assault of a minor, Priscilla E. Priscilla was sitting in a chair on the second floor of the mall when appellant and three cohorts attacked her and took her cell phone. Mall surveillance video showed appellant jumping on Priscilla and punching her in the head and body. She identified appellant as one of the assailants. This incident occurred approximately 30 minutes after the theft of Mia's cell phone.

In July 2023, the Ventura County District Attorney's office filed a juvenile petition in case number 2023017260, charging appellant with the theft of Mia's cell phone (§ 484, subd. (a)). In February 2024, appellant admitted the theft and was placed on probation.

In March 2024, the Ventura County District Attorney's office filed a subsequent juvenile petition in case number 2024007054, charging appellant with various new offenses including felony assault (§ 245, subd. (a)(4), count 1) for the attack on Priscilla.

*Kellett Motion and Proceedings*

Appellant filed a motion to dismiss count 1, arguing that the evidence of the two offenses involving Mia and Priscilla overlapped and the prosecution knew or should have known of both offenses such that multiple prosecutions were prohibited.

The prosecution opposed the motion, arguing that neither section 654 nor *Kellett* required dismissal of the felony assault because the two actions were based upon facts occurring at different times and places, and the prosecution was not aware of the felony assault against Priscilla when it filed the petition for the theft of Mia's cell phone.

At the hearing, Officer Straup testified that she submitted the applications for juvenile petitions for both the Mia and Priscilla incidents before taking a leave of absence. When Officer Straup returned to work on March 11, 2024, she discovered the application for the Priscilla case had been returned to her so that she could recommend whether the assault should be filed as a misdemeanor or felony. Officer Straup recommends the offense as a felony and sent the updated report to the records division. The juvenile probation department received the corrected report on March 15, 2024. On March 26, 2024, the District Attorney's office filed the subsequent felony petition.

After hearing argument and analyzing the *Kellett* issue, the trial court denied the motion to dismiss.

*Discussion*

Appellant contends the trial court erred in denying the motion to dismiss because the two prosecutions involved the same course of conduct and interrelated evidence. She also contends the prosecution knew or should have known about both

3

offenses such that it had a duty to ensure the charges were joined. We are not persuaded.

Section 654 provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other." The rule precluding multiple prosecutions is distinct from the rule precluding multiple punishment. (*People v. Britt* (2004) 32 Cal.4th 944, 950 (*Britt*).) The prohibition against multiple prosecutions is a procedural safeguard against harassment and is unrelated to any punishment to be imposed. (*Ibid.*)

The *Kellett* rule provides: "[w]hen . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett*, *supra*, 63 Cal.2d at p. 827, fn. omitted.) The crucial test is whether "the same act or course of conduct play[ed] a significant part" in the two prosecutions. (*Ibid*; see also *People v. Bradford* (1976) 17 Cal.3d 8, 13-14.)

Whether the *Kellett* rule applies is determined on a case-by-case basis. (*Britt*, *supra*, 32 Cal.4th at p. 955.) We review factual determinations under the substantial evidence test, viewing the evidence in the light most favorable to the prevailing party below. (*People v. Valli* (2010) 187 Cal.App.4th 786, 794 (*Valli*).) We

4

review de novo the legal question whether section 654 applies. (*Ibid.*)

California courts have adopted two tests to determine whether multiple offenses occurred during the same course of conduct and are therefore subject to the multiple prosecution bar. (*Valli, supra,* 187 Cal.App.4th at p. 797; *People v. Ochoa* (2016) 248 Cal.App.4th 15, 28 (*Ochoa*).) "Under one line of cases, multiple prosecutions are not barred if the offenses were committed at separate times and locations." (*Ochoa*, at p. 28.) Under a second line of cases, two offenses must be prosecuted together if the evidence needed to prove one offense necessarily supplies proof of the other. (*Valli*, at p. 798, citing *People v. Flint* (1975) 51 Cal.App.3d 333, 337-338; *People v. Hurtado* (1977) 67 Cal.App.3d 633, 636.)

In its ruling denying the motion to dismiss, the trial court factually found the offenses involving Mia and Priscilla were not part of a "singular transaction," but were "separate and distinct."

Appellant contends this was error because she and her codefendants were engaged in the same course of conduct in both cases: theft of the cell phones from younger minors. Appellant paints with too wide of a brush. Petty theft is not similar to felonious assault even if both offenses are committed to obtain cell phones. Appellant would have a stronger argument had she assaulted both victims or only committed theft as to both cell phones.

Appellant draws an analogy to *Ochoa, supra,* 248 Cal.App.4th 15, which involved separate prosecutions for offenses arising out of the same course of conduct: conspiracy to distribute methamphetamine.

5

In *Ochoa*, there the defendant was first charged with conspiracy to distribute methamphetamine and pleaded no contest to conspiracy and possession charges. (*Ochoa*, *supra*, 248 Cal.App.4th at p. 19.) After sentencing, he was indicted for active participation in a criminal street gang and conspiracy to distribute methamphetamine for the benefit of the gang. (*Ibid*.) Defendant pleaded no contest to conspiracy to distribute methamphetamine and admitted the offense was committed for the benefit of the gang. (*Ibid*.)

On review, the Court of Appeal concluded the same course of conduct formed a significant part of the offenses in both prosecutions and the prosecution was aware of the defendant's conduct underlying the second prosecution at the time of the first prosecution. Thus, the second prosecution was barred pursuant to section 654 and *Kellett*. (*Ochoa*, *supra*, 248 Cal.App.4th at pp. 40-41.)

*Ochoa* is not only factually distinguishable, but it also involved a substantial overlap of the evidence to support the convictions. (See *Ochoa*, *supra*, 248 Cal.App.4th at pp. 19, 36-38.) Here, the record reflects that appellant's crimes were committed at different locations within the mall structure, at different times, and against different victims. There is no overlap here. *Kellett* does not require that offenses committed at different times and places be prosecuted in a single proceeding. (*People v. Cuevas* (1996) 51 Cal.App.4th 620, 624.)

The evidence necessary to establish the felonious assault of Priscilla does not supply proof of the theft of Mia's cell phone, and vice versa. The trial court expressly recognized the overlap argument. Even if there is some overlap, it is trivial. It "does not

6

trigger application of *Kellett*."  (*Valli, supra*, 187 Cal.App.4th at p. 799.)

Appellant next argues that "at minimum, the prosecution should have known" about both offenses because the video tapes that documented both incidents were part of discovery, and the same investigating officer and witnesses were involved in both cases.  But "the fact that the prosecution could have known of the multiple offenses does not necessarily lead to the conclusion that [they] did or should have known."  (*In re Dennis B.* (1976) 18 Cal.3d 687, 693.)

And even if the prosecution knew of both offenses, we must still consider the discretion afforded to prosecutorial charging decisions and the rule of *Kellett*, which does not turn on the timing of the prosecutions.  (See *Valli, supra*, 187 Cal.App.4th at p. 801 [refusing to require prosecutors to proceed against defendant on all known charges simultaneously]; *Ochoa, supra*, 248 Cal.App.4th at p. 35 ["the issue under *Kellett* is whether [appellant's] *course of conduct* played a significant part in both cases"].)

There is no "harassment" of the accused here and considering all of the facts and examining them in light of the purpose of the rule, *Kellett* is not implicated here.  (See *Kellett, supra*, 63 Cal.2d at pp. 827-828; *Valli, supra*, 187 Cal.App.4th at pp. 796-800.)

*Disposition*

The judgment (order denying motion to dismiss) is affirmed.

7

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

F. Dino Inumerable, Judge
Superior Court County of Ventura
_____

Claudia Y. Bautista, Public Defender and William Quest, Snr. Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, William H. Shin, Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.